[No. 11930.     Department One. — May 25, 1889.]

C. H. AFFIERBACH, RESPONDENT, *v.* JOHN McGOVERN, APPELLANT.

REPLEVIN — PLEADING — AVERMENT OF OWNERSHIP. — A complaint in an action to recover the possession of personal property which only avers ownership and right of possession in the plaintiff at a time more than four years before the commencement of the suit is clearly bad. A complaint to be good must show a cause of action in favor of the plaintiff and against the defendant existing at the time the action is commenced.

ID. — ESTATES OF DECEASED PERSONS — RIGHT OF ACTION OF ADMINISTRATOR — CESSATION OF AUTHORITY. — An administrator cannot maintain

an action to recover personal property belonging to the estate after he has ceased to be administrator of the estate.

Id. — Sale to Administrator — Payment of Judgment Due Estate — Descriptio Personæ. — A bill of sale of personal property to an administrator by a judgment debtor of the estate, in consideration of the payment and satisfaction of the judgment by the administrator, passes title to him individually, and not as administrator, if all other things necessary to pass title to personal property were performed. The reference to the administrator should be regarded as descriptive of the person.

Id. — Agency — Attorney and Client. — A bill of sale made to an administrator by the procurement of his attorney, who received the purchase-money from the defendant to buy the interest of the partner of defendant in certain personal property previously sold by the defendant to the administrator, said purchase being made to prevent a judicial sale thereof at the suit of such partner, passes no title to the administrator which he can assert against the defendant, if such bill of sale to the administrator was not authorized by the defendant.

Notice of Motion for New Trial — Statement — Appeal. — It is not necessary to bring the notice of intention to move for a new trial to the appellate court, or to make it part of the statement.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. W. Harding,* for Appellant.

*J. C. Bates,* for Respondent.

Works, J. — The respondent brought this suit against the appellant to recover certain personal property, consisting of live-stock and a wagon. The complaint avers that the plaintiff was the owner and entitled to the possession of the property on the twelfth day of August, 1880, and the complaint was not filed until the fifteenth day of December, 1884. There was no demurrer to the complaint, but the point is made in this court that it does not state facts sufficient to constitute a cause of action. A complaint to be good must show a cause of action in favor of the plaintiff and against the defendant existing at the time the action is commenced. This

complaint does not show this, but if it states a cause of action at all, shows that it existed more than four years before the commencement of the suit, and for that reason the complaint is clearly bad.

There is nothing in the complaint to show that at the time the action was commenced the plaintiff had any ownership or right to possession of the property, or that the defendant had possession of it wrongfully.

It is further claimed that the verdict of the jury in favor of the plaintiff is not sustained by the evidence. The facts, as disclosed by the evidence, and upon which the plaintiff relies, are, in substance, as follows:—

The plaintiff was the administrator of the estate of Cord Pope, deceased, on the eleventh day of August, 1880, and at that time the defendant was indebted to the estate upon a judgment, and executed to the plaintiff, as administrator of said estate, a bill of sale for a large amount of personal property, including the property in controversy here. On the following day the plaintiff, in his individual capacity, executed to the defendant a lease of this same property for the term of one year.

It is claimed by the plaintiff that the bill of sale was an absolute conveyance of the property in satisfaction of the judgment due the estate, and so it appears to be upon its face, while the defendant claims that the bill of sale was executed as a mere security for the payment of the debt, and that the lease back was made upon an express verbal agreement between the parties that the defendant should hold the property under the lease and pay the rent, which was to be applied in satisfaction of the judgment, and upon the judgment being so satisfied, the property was again to be his.

Subsequently to the execution of these instruments, it was found that the defendant owned but a one-half interest in the property, the other one half being owned by one Jean Sere, as a partner of the defendant. In a litigation between Sere and the defendant, involving the

title to the property, Sere was determined to be the owner of a one-half interest therein, and the property here in controversy was ordered to be sold. Execution had issued, and the property was about to be sold. While the property was in that situation, the defendant, acting with the attorney for the plaintiff, purchased from Sere his interest in the property in order to avoid the sale upon execution, and furnished to the plaintiff's attorney the sum of $225, to be paid therefor. The attorney of the plaintiff made the purchase of the property, and took a bill of sale from Sere to the plaintiff. There is no evidence showing that this bill of sale to the plaintiff was made with the consent of the defendant, and it is an admitted fact that the purchase-money was paid by him. The defendant testifies positively that the bill of sale was made to the plaintiff without his knowledge or consent, and the only evidence to the contrary is that of the attorney for the plaintiff, who testified as follows:—

"Q. Were you authorized to do that by your client, McGovern? A. Was I authorized to do what? Q. To take the bill of sale of Sere's half-interest in this property to Affierbach, instead of making it to McGovern. Did McGovern authorize you to do that? A. In effect, he did. The sheriff had succeeded in getting a part of this property, and the other part was concealed from the sheriff, and upon my demand, McGovern delivered the other part to me as agent of Affierbach, and the next day or two brought me this $225, and paid me for Sere's interest."

This testimony wholly fails to show any authority given by the appellant for the taking of this bill of sale to the plaintiff instead of himself.

These three written instruments, the bill of sale to the plaintiff as administrator of Cord Pope, the lease from him individually to the appellant, and the bill of sale from Sere to the respondent, are the only evidences of title in the respondent, and we think they wholly fail to

show a right of recovery on his part. The first bill of sale, admitting it to be an absolute conveyance of the property, vested the title in the estate of Cord Pope, and not in the respondent. The second bill of sale, having been made to him without authority from the appellant, who paid the purchase money for the property, vested no title in him that he can assert as against the appellant. Admitting that an administrator may sue in his individual name to recover property belonging to the estate, it is conceded here that at the time this suit was brought the appellant had ceased to be the administrator of the estate of Cord Pope, and for that reason no cause of action existed in him.

We think, for the reasons stated, the verdict of the jury was not sustained by the evidence. Other questions are made upon the instructions, but the view we take of the merits renders it unnecessary to consider them.

The point is made by the respondent that we cannot consider questions made upon the statement, for the reason that the notice of intention to move for a new trial is not set out therein, but we have held in a late case that it is not necessary to bring the notice of intention to move for a new trial to this court. (*Pico* v. *Cohn*, 78 Cal. 384.)

The judgment and order denying a new trial are reversed, and the cause remanded.

PATERSON, J., and BEATTY, C. J., concurred.

A petition for a rehearing having been filed, the following opinion thereon was rendered on the 19th of June, 1889: —

WORKS, J. — The petition for rehearing is denied, but upon a more careful examination of the bill of sale from the defendant to the plaintiff, for the property in controversy, we are of the opinion that it should be construed as being a bill of sale to him individually, and not as

administrator.    The reference to him should be regarded as descriptive of the person.    Therefore if it be made to appear on a second trial, as claimed in the petition for rehearing, that the plaintiff paid and satisfied the judgment held by the estate, and the bill of sale was given in consideration of such payment, it had the effect to vest the title to the property in him if all other things necessary to pass title to personal property were performed.

.BEATTY, C. J., SHARPSTEIN, J., PATERSON, J., THORNTON, J., and McFARLAND, J., concurred.