## HARKNESS, WYMAN AND RUSSELL, Respondents, *v.* JAMES R. McCLAIN, Appellant.

Pleading.—Cured by Verdict.—Promissory Note.—Notice to Indorser.—Where the defendant is sued as indorser, under a complaint which did not allege notice to him of protest and non-payment, and he had answered alleging affirmatively want of notice of protest or non-payment, and evidence was taken upon such issue joined, and a verdict rendered against the defendant and appellant; *held* that the defect in allegation was cured by verdict.

Appeal from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Evans and Rogers*, for the appellant.

*Messrs. Rhodes and Hudson*, for the respondents.

Blackburn, J.:

This suit is brought by an indorsee against the payee and indorser. The complaint is in the usual form, except in the manner of alleging protest and notice, which is as follows: "That on the 27th day of May, 1890, the said note was duly protested for non-payment thereof, and said note is now wholly unpaid." The defendant demurred on the ground, among other things, because the complaint does not state facts sufficient to constitute a cause of action, and at the same time filed an answer. He answered a specific denial, and, further answering, says, "that at no time prior to the bringing of this action had defendant any notice of protest or non-payment of said note by these plaintiffs or any other person." A trial was had before a jury, and evidence was heard on both sides in reference to the question of notice, and the jury found a verdict for

the plaintiffs. Motion was made for a new trial, and overruled, and from the judgment and the overruling of the motion for a new trial the defendant appeals.

The only assignment of error made by the appellant is, the complaint does not state facts sufficient to constitute a cause of action, in that there is no allegation in the complaint of notice to the indorser. The complaint is perhaps not good pleading, but the question is, is it not cured by the verdict? Chitty lays down the rule as follows (1 Chitty, Pl. *402): "After verdict, * * * If the issue joined be such as necessarily required, on the trial, proof of the facts defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by the verdict at common law." This rule is fully supported in *Pangburn* v. *Ramsay*, 11 Johns. 143; *Chapman* v. *Smith*, 13 Johns. 81. Applying this rule to this case, the judgment would be good after verdict. But we are told the Code practice governs. So it does; but the only reason given for the adoption and maintenance of the Code pleadings is that they are much more simple and less technical than those at common law. Besides, we have this provision of the Code (§ 3258, Comp. Laws, Utah): "The court in every stage of the action shall disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." The defendant cannot be prejudiced by the defect in the complaint, because he was fully heard on the question of notice. He made the issue in his answer, and the jury decided against him. We think, therefore, what defect there is in the complaint is cured by the verdict. Judgment is affirmed.

Zane, C. J., and Anderson, J., concurred.