## WRIGHT v: DEERING.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

ACTION ON NOTE—COMPLAINT—HOW DEFECT IN MAY BE CURED.
    A complaint on a note must allege nonpayment, but the absence of the averment will be supplied by unchallenged proof of the fact.
(Syllabus by the Court.)

Appeal from city court, general term.

Action by John H. Wright against James A. Deering, executor of James Deering, deceased. From a judgment affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James A. Deering, (Geo. G. Munger, of counsel,) for appellant.
James Taylor, for respondent.

PRYOR, J. Action on promissory notes by indorsee against maker. The complaint sets out the notes, alleges the making of them by the defendant, their transfer to the plaintiff, and his ownership of them; but omits an averment of nonpayment or of indebtedness upon the notes. By motion at the trial to dismiss the complaint for defect in substance the defendant presented the point that it was insufficient for want of an allegation of nonpayment or present indebtedness; and so it was, beyond question. Tested by the general rule that a complaint must contain a statement of facts constituting a cause of action, the complaint under criticism was essentially defective, in omitting an averment of nonpayment. "The material allegations" in an action on a promissory note "are the making, the transfer, and the nonpayment. Each of them is material, for without the concurrence of all the complaint would not show a cause of action." Van Giesen v. Van Giesen, 10 N. Y. 316, 317; Lent v. Railroad Co., (N. Y. App.) 29 N. E. Rep. 988; Witherhead v. Allen, 4 Abb. Dec. 634. Tested by the special rule in section 534 of the Code, the complaint is bad for not alleging an indebtedness on the notes. Broome v. Taylor, 76 N. Y. 564, 566; Lent v. Railroad Co., (N. Y. App.) 29 N. E. Rep. 989. As there is nothing in the answer to repair the defect in the complaint, we are to inquire if, upon the unchallenged proof, a cause of action appears. By evidence without objection and uncontroverted, it is shown that repeated demands were made for payment of the notes, to which, on one occasion, the defendant responded by an offer of "new notes." This, in the absence of denial or explanation, was sufficient proof of nonpayment; and, the defect in pleading being supplied by the evidence, we are not at liberty to review the refusal to dismiss the complaint. Lounsbury v. Purdy, 18 N. Y. 515. Judgment affirmed, with costs. All concur.