[S. F. No. 1876.   Department Two.—December 27, 1901.]

LYNUS VANALSTINE, Respondent, v. R. I. WHELAN, Sheriff, etc., and D. A. CURTIN, Appellants.

CLAIM AND DELIVERY—PLEADING—INSUFFICIENT COMPLAINT—RIGHT OF POSSESSION.—A complaint in claim and delivery which merely avers that at a specified date prior to the commencement of the suit, plaintiff was the owner and entitled to the possession of the goods sought to be recovered, but which fails to aver the ultimate fact that he was so the owner and entitled to the possession thereof when the action was commenced, does not state facts sufficient to constitute a cause of action.

ID.—DEFECT NOT SUPPLIED BY DENIAL OF ANSWER.—The defect in the complaint is not supplied by a mere denial in the answer that plaintiff was the owner or entitled to the possession of the goods at the

time alleged, or "at any other time," in the absence of any affirmative averment in the answer of the material fact omitted in the complaint.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, for R. I. Whelan, Sheriff, Appellant.

Cannon & Freeman, and Dinkelspiel & Gesford, for D. A. Curtin, Appellant.

W. A. S. Nicholson, for Respondent.

McFARLAND, J.—This is an action to recover certain goods attached by defendant Whelan, sheriff, as the property of defendants in certain attachment suits. Judgment went for plaintiff, and defendants appeal.

Appellants contend, among other things, that the complaint does not state a cause of action, because it is merely averred therein that at times prior to the commencement of the suit plaintiff was the owner and entitled to the possession of the goods, and there is no averment of the ultimate fact that he was not so the owner and entitled to the possession when the action was commenced. We see no valid answer to this contention. It has been held here over and over again that a complaint in what we call an action of claim and delivery is fatally insufficient if it contains no averment of ownership and right to possession at the time of the commencement of the action, and that a complaint like the one in the case at bar does not state facts sufficient to constitute a cause of action. (See *Bane* v. *Peerman*, 125 Cal. 220; *Truman* v. *Young*, 121 Cal. 490; *Holly* v. *Heiskell*, 112 Cal. 174, and cases there cited; *Fredericks* v. *Tracy*, 98 Cal. 658; *Affierbach* v. *McGovern*, 79 Cal. 268.) We could not, therefore, condone the insufficiency of the complaint in the present case, without expressly overruling a long line of former decisions of this court,—which we certainly have no desire to do.

The only plausible reply which respondent makes to this contention is, that the insufficiency of the complaint above

stated was cured by the answers of appellants. But the cases cited to this point by respondent go only to the extent of holding that where a complaint fails to state material facts, but, as was said in *Burns* v. *Cushing,* 96 Cal. 669, "these very facts are supplied by the averments of the answer," the defect is cured. An example of the rule—showing its proper application—is found in *Cohen* v. *Knox,* 90 Cal. 266. In that case the plaintiff claimed title to the land under a deed from her father, which was attacked on the ground that it had been fraudulently made, with intent to hinder creditors; and it was contended by defendant that the complaint was insufficient, because it did not clearly appear therefrom that plaintiff derived her title from her father. And this court, without determining definitely whether there was the asserted defect in the complaint, held that such defect, if it existed, was cured by defendant's cross-complaint, in which "he averred specifically the very facts which he contends should have been averred in the complaint,"—that is, that the father was the owner of the land at the date of the deed to plaintiff, that he, at that date, "conveyed the same by deed to plaintiff," and that "plaintiff holds under said deed, and not otherwise." The principle is, that the omission of a material fact is cured by the express averment of that very fact in the defendant's pleadings. But there is nothing of the kind in the case at bar. The contention of respondent rests on the fact that defendants, in their answers, say, among other things, that plaintiff was not the owner or entitled to the possession of the goods at the time alleged in the complaint, "or at any other time," which, it is said, included the time of the commencement of the action. But that is the very converse of the averment which respondent ought to have made in his complaint,—namely, that at the time of the commencement of the action he *was* the owner, etc. The judgment must therefore be reversed for the insufficiency of the complaint. Of course, it will be within the power of the court below to entertain an application of respondent to amend his complaint, if he be advised to make such application.

The judgment is reversed.

Temple, J, and Henshaw, J., concurred.