## CHAMBERS v. EMERY.

No. 2020.  Decided September 11, 1909 (103 Pac. 1081).

REPLEVIN — ACTIONS — COMPLAINT — POSSESSION.  In claim and de-
livery plaintiff must allege that he was the ōwner, or entitled
to possession, at the commencement of the action; it being in-
sufficient to merely aver that he was the owner at some time
prior thereto.[1]  (Page 381.)

APPEAL from District Court, Third District; *Hon. T. D.
Lewis,* Judge.

Action by Mary Etta Chambers against C. F. Emery.

Judgment for plaintiff.  Defendant appealed.

REVERSED, AND NEW TRIAL ORDERED, WITH LEAVE TO
AMEND.

*E. A. Walton* for appellant.

*Tanner & Tanner* for respondent.

McCARTY, J.

This is an action in claim and delivery.  The allegations
of the complaint, so far as material here, are as follows:
"That on the 5th day of December, 1907, . . . plain-
tiff was the owner in her own right and in the possession
of the following goods and chattels of the value of one hun-
dred dollars, to-wit five hogs;" that on that day defendant
unlawfully took said property from the possession of plain-
tiff; that on the 6th day of December plaintiff demanded of
defendant the return of the property; "that defendant still
unlawfully withholds and detains said goods and chattels."
The complaint was filed December 7, 1907.  The complaint

---

[1] Savings Bank v. Peterson, 30 Utah  475.

does not allege that plaintiff was the owner of and entitled to the possession of the property therein described at the time the action was commenced. Defendant answered, and a trial was had to a jury which resulted in a verdict in favor of plaintiff. From the judgment rendered on the verdict, defendant appeals.

When the case came on for trial, defendant objected to the introduction of any evidence by plaintiff on the ground "that the complaint does not state facts sufficient to constitute a cause of action." The action of the court in overruling the objection is assigned as error. It is contended that the complaint is fatally defective because it contains no allegation of ownership or right of possession in plaintiff at the time the action was commenced. This same question was before this court in the case of *Savings Bank v. Peterson*, 30 Utah 475, 86 Pac. 414, 116 Am. St. Rep. 862. In that case the allegations of ownership and right of possession in plaintiff of the property involved, and the wrongful taking and detention of it by defendant, were substantially the same as the corresponding allegations in the complaint before us. In that case, as here, there was no allegation that the plaintiff was entitled to the possession of the property at the time the suit was commenced. In the course of the opinion Mr. Justice Straup, speaking for the court, says:

"In a suit to recover personal property the complaint must show the ultimate fact that the plaintiff was the owner or entitled to the possession at the time of the commencement of the action; and it is not sufficient to merely aver that he was the owner or entitled to possession at some period prior to that time."

The rule as there announced is supported by the weight of authority. In 18 Ency. Pl. & Pr. 536, the rule is stated as follows:

"Since the gist of the action of replevin is the right of possession, the declaration or complaint must contain an averment that the plaintiff is the owner of the property, or that the title is in him, or that the right of possession is in him at the commencement of the suit."

Under the rule as declared in the case of *Savings Bank v. Peterson, supra,* which seems to be in harmony with the current of authority, the complaint in the case at bar is insufficient, and the court erred in admitting evidence in support of the allegation therein contained.

Appellant also complains of and assigns as error certain instructions given by the court to the jury, but we do not think these assignments contain sufficient merit to warrant a discussion of the points therein raised.

The judgment is reversed, with directions to the trial court to permit the parties to amend their pleadings, should they so desire, costs of this appeal to be taxed against respondent.

STRAUP, C. J., and FRICK, J., concur.