## JAMES v. JENSEN

No. 3027.   Decided July 10, 1917.   Rehearing denied October 4, 1917.   (167 Pac. 827.)

1. REPLEVIN—COMPLAINT—OWNERSHIP AND RIGHT OF POSSESSION. The complaint in replevin, alleging in the present tense ownership and right of possession, is sufficient, and allows proof of such ownership and right as of the time of commencement of the action; though action is commenced, as allowed by Comp. Laws 1907, section 2938, by filing complaint, and filing is a few days after the verification; that

being the form of allegation provided by section 3046 for the affidavit thereby required in such an action.[1]   (Page 487.)

2.  APPEAL AND ERROR—REVIEW—FINDINGS OF FACT.  Findings of fact depending on the credibility of witnesses and the weight given evidence are binding on appeal.  (Page 493.)

3.  APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF .EVIDENCE. The only question involved being the identity of a steer, which the court found on sufficient evidence belonged to plaintiff, any error in overruling objection of a question to him calling for a conclusion was harmless.  (Page 493.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by David James against Nels Jensen.

Judgment for plaintiff.  Defendant appeals.

AFFIRMED.

*Ricy H. Jones* for appellant.

*John G. Willis* for respondent.

FRICK, C. J.

This is an action in replevin, or claim and delivery, as it is denominated in our statute.  The plaintiff alleged in his complaint that on "the 15th day of December, 1915, * * * plaintiff was, and still is, the owner of * * * one red steer," describing the animal and giving marks and brands; that during the month aforesaid "the defendant, without plaintiff's consent, and wrongfully, took said chattel from the possession of the plaintiff;" that the defendant wrongfully "withholds and retains said chattel from the possession of the plaintiff," etc.  The prayer for judgment is in the usual form in such cases.  The defendant answered the complaint, denying the plaintiff's ownership and right of possession of said steer, and averred that the defendant "always has been and now is the owner, possessed and entitled to the possession of

---

[1] *Savings Bank* v. *Peterson,* 30 Utah, 475, 86 Pac. 414, 116 Am. St. Rep. 862; *Chambers* v. *Emery,* 36 Utah, 380, 103 Pac. 1081, Ann. Cas. 1912A, 332.

said steer." A trial to the court without a jury resulted in findings of fact, conclusions of law, and judgment in favor of the plaintiff, and the defendant appeals.

The complaint was verified on the 19th day of January, 1916, but was not filed until the 21st day of said month. No demurrer or other objection was interposed to the sufficiency of the complaint in the court below, but it is contended in this court that the complaint is fatally defective, in that it does not appear therefrom that the plaintiff was the owner, nor that he was entitled to the possession of the steer in question at the time the action was commenced. In support of the contention counsel for defendant cites *Savings Bank* v. *Peterson,* 30 Utah, 475, 86 Pac. 414, 116 Am. St. Rep. 862, *Chambers* v. *Emery,* 36 Utah, 380, 103 Pac. 1081, Ann. Cas. 1912a, 332, *Affierbach* v. *McGovern,* 79 Cal. 268, 21 Pac. 837, *Fredericks* v. *Tracy,* 98 Cal. 658, 33 Pac. 750, and some other cases which it is not necessary to specially mention here, since the other cases referred to do not discuss nor pass upon the question of pleading. In all of the cases we have cited it was held that a complaint which merely alleges that the plaintiff was the owner and entitled to possession of the property involved in an action at some date prior to the commencement of the action is fatally defective in substance, and states no cause of action. That is, an allegation of ownership and right of possession in the past tense is insufficient. Defendant's counsel contends that the cases before cited control the case at bar.

It must be conceded that the only distinction between the two Utah cases cited by counsel, and this case is that in this case it is alleged that the plaintiff, on a prior date named, was, and that he still is, the owner, etc. That is in the case at bar, ownership and right of possession are alleged in both the past and present tenses, while in the cited cases ownership and right of possession were alleged only in the past tense. The complaint in this case was, however, not filed until the second day after it was verified, and hence it is contended that ownership and right of possession are not alleged as of the time the action was commenced. In view,

therefore, that the allegation of ownership and right of possession is in the present tense, it follows that if the complaint had been filed on the day it was verified, the objection urged against it would necessarily have to fail. In view, however, that the complaint was not filed until two days after it was prepared and verified, defendant's counsel contends that the action was not commenced until the complaint was filed, and hence there is no allegation of plaintiff's ownership and right of possession on the day the action was commenced. We remark that in this jurisdiction an action may be commenced in two ways. Comp. Laws 1907, section 2938, reads:

"A civil action may be commenced by the filing of a complaint with the clerk of the court in which the action is brought or by the service of a summons."

If an action be commenced by the service of a summons, then, in order to maintain the action, the complaint must be filed within ten days after the service is made. Section 2946. Upon the other hand, if an action is commenced by filing a complaint, the summons, in order to continue the action in force, must be served within three months after the filing of the complaint. It does not necessarily follow, therefore, that, because a plaintiff alleges in his complaint that he was the owner of certain property on a date prior to the day the complaint was filed, he does not allege ownership at the time the action was commenced. Merely to follow the letter of the complaint may lead to serious error. The fact that actions may be commenced in two ways was apparently overlooked when the two Utah cases were decided, but from an examination of the records in those cases it seems the actions were commenced by the filing of a complaint, the allegations of which are in the past tense.

Although this action was commenced by the filing of a complaint two days after the same was verified, yet we think that, in view that the allegation of ownership and right of possession is in the present tense, the complaint is sufficient to withstand a general demurrer, and therefore sufficient after judgment. The allegation in the complaint is that the

plaintiff, on a day named, was, and that "he still is, the owner," etc. We thus have an allegation in the present tense which is clearly to the effect that plaintiff was the owner when the complaint was prepared and verified on the 19th day of January, 1916. The complaint was, however, not filed until the second day thereafter. If, therefore, it be necessary to allege ownership and right of possession on the precise day on which the action is commenced, then a plaintiff who lives some distance from the county seat, as may be the case, cannot verify his complaint at home unless he can arrange to file it on the same day. We take judicial notice of the territorial extent of Box Elder County, where the action was commenced. We also take like notice of the usual means of transportation and travel in said county, and hence we know that it would be impossible to verify a complaint in many parts of the county and file the same on the day it is verified. What is true in that respect of Box Elder County is likewise true of many other counties in this state. In commencing a claim and delivery action, a plaintiff who lives at a distance from the county seat would thus, of necessity, have to go there before verifying his complaint, or would have to commence the action by service of summons, or make the awkward, and often impossible, allegation that he will continue to be the owner and will continue to be entitled to the possession of the property in question at the time the complaint will be filed, something no other plaintiff is required to do in any other kind of an action where ownership is not only a material, but is the controlling, issue in the case. Why is it not sufficient to allege ownership and right of possession in the present tense in claim and delivery actions if the complaint is filed in due course, as in other cases? Suppose a plaintiff alleges in his complaint that he is the owner and is entitled to the possession of the chattels in question, is that not a sufficient allegation of ownership and right of possession to admit evidence in support of that allegation? The authorities universally hold that the allegation of ownership and right of possession in the present tense is sufficient. Cobbey on Replevin (2nd Ed.) section 531. An examina-

tion of the form books also discloses that there is no other form of allegation respecting ownership and right of possession in replevin actions than the allegation in the present tense. The question, therefore, according to the California rule, is not so much a question respecting the sufficiency of the allegation of ownership and right of possession as it is the commencement of an action.

In the first case cited from the Supreme Court of California, *Affierbach* v. *McGovern*, 79 Cal. 268, 21 Pac. 837, the complaint was not filed until more than four years had elapsed after it was verified. What was said in that case was therefore said in the light of the facts there presented. No one will contend that a lapse of more than four years between the time when the allegation of ownership (which allegation was in the past tense in that case) was made and the time of filing the complaint was not beyond the bounds of reason. In the case of *Fredericks* v. *Tracy*, 98 Cal. 658, 33 Pac. 750, it was, however, held that the same rule applied to a case where the complaint was filed the second day after it was verified. In that case the allegation of ownership and right of possession was, however, also in the past tense, and not in the present tense. As before stated, the real question is, when was the action commenced, rather than the sufficiency of allegation. For example, although ownership and right of possession are alleged in the past tense, yet if the complaint is filed on the same day it is verified, and ownership and right of possession are alleged as of that day, no one would contend that the allegation was not sufficient, or that the complaint did not state a cause of action. If, however, the complaint, for some unavoidable reason, cannot be filed until the day following its verification, or not for a few days thereafter, although the allegation of ownership and right of possession is in the present tense, the complaint fails to state a cause of action. This certainly presents an anomaly in pleading. It is pertinent to inquire, therefore, what is a proper test to determine whether the facts alleged are sufficient to permit plaintiff to prove a good cause of action.

The universal test in that regard is whether the evidence that is relevant to the issues, if believed, entitles the plaintiff

to the relief prayed for in the complaint, or any relief. In other words, the test is whether the evidence that is admissible in support of the allegations of the complaint entitles the plaintiff to judgment. Now why is it that in case ownership and right of possession are stated in the present tense in a complaint which is not filed on the same day it is verified, but is filed within two or ten days thereafter, the plaintiff cannot prove that he was the owner and had the right of possession on the day the complaint was filed? That is, why can he not prove that the ownership and right of possession were in him on the day the complaint was filed, and continued so to be until the day of trial? True, he need not prove ownership and right of possession on a day anterior to the day the action was commenced, although he could do so under an allegation of ownership and right of possession in the present tense. Moreover, under such an allegation, evidence that the ownership and right of possession were in plaintiff when the action was commenced would be relevant, and would be in direct support of the allegation of ownership and right of possession, and so would the evidence that ownership and right of possession continued in the plaintiff at the time of trial, although the latter evidence might not be material. There is, however, a vast difference between irrelevant and immaterial evidence respecting an issue. Logically, and according to fundamental principles, therefore, the allegation of ownership and right of possession in the present tense in a complaint should admit evidence of such ownership and right of possession at the time the action was commenced in replevin cases if, as in other cases, the action is commenced in due course after the complaint was verified. If, now, we pause for a moment to examine the essentials which, under Comp. Laws 1907, section 3046, are required to be stated in an affidavit which must be filed, and which is jurisdictional (Cobbey, Replevin, sections 526-529), we arrive at the same result. That section provides that ownership and right of possession must be alleged in the present tense; that is, the statute provides that the plaintiff must allege that he "is the owner," etc., and that he

"is entitled to the possession" of the property in question. Nothing is contained in that section, nor in any other, that unless the affidavit is filed on the very day it was verified it, for that reason, is insufficient. Indeed, such a holding would seem most novel, if not absurd. If, therefore, the cases heretofore decided by this court shall be construed as counsel construes them, namely, that although ownership and right of possession are alleged in the present tense, yet, if the complaint be not filed on the day it is verified, if the action be not commenced on that day, the complaint is defective in substance, and the plaintiff may not prove ownership and right of possession on any day after the complaint is filed or the action is commenced, then, in our judgment, those cases lay down a rule which is not only too strict, but is likewise unsound, in that evidence of ownership and right of possession is excluded unless it relates to the very day the complaint is filed or the action is commenced. Assuming counsel's construction of the two Utah cases to be correct—and prima facie at least such is the case—the rule there laid down should not, except for cogent reasons, be disregarded. If a departure from the rule, in view that it has existed in this jurisdiction for some time, affected or might affect, property or other valuable rights, or if it contravened some fundamental principle, or might produce injustice by misleading the bar, we should hesitate long before departing from it, however harsh it might seem to be. The rule, however, merely affects a question of practice or procedure, and to change it cannot mislead, much less harm, any lawyer or any whom he might represent. While, no doubt, the adherence to former decisions, or rules laid down in those decisions, is a judicial virtue, it, like many other virtues, if too rigidly enforced, may easily transcend into a vice. In this connection we remark that we are impressed with what is said by Mr. Justice Field in the case of *Barden* v. *Northern Pacific Railway*, 154 U. S. at page 322, 14 Sup. Ct. at page 1036, 38 L. Ed. 992, where, in meeting a similar situation, it is said:

"It is more important that the court should be right upon later and more elaborate consideration of the cases than consistent with previous

declarations. Those doctrines only will eventually stand which bear the strictest examination and the test of experience."

We are all of one mind that the rule promulgated by the Supreme Court of California, and followed by this court, is unnecessarily strict, and while it protects no rights, it may easily produce wrong and injustice, and will, in many instances, necessarily impose both public and private inconvenience and expense. We therefore hold that in case ownership and right of possession of the property in question is averred in the present tense in a complaint, the plaintiff may prove such ownership and right of possession, although the complaint was not filed on the day it was verified if filed in due course thereafter. In other words, that where in a claim and delivery action, ownership is alleged in the present tense, it may be proved, as in other cases where ownership is a controlling issue. The decisions in the cases of *Savings Bank* v. *Peterson,* supra, and *Chambers* v. *Emery,* supra, so far as they are repugnant to, or in conflict with, the views herein expressed are hereby overruled.

The defendant, however, also insists that the court erred in its findings, and that the findings on certain material questions, in the language of his counsel, "are not sustained by and are contrary to the great weight of the evidence." It is not contended, nor could it be in view of the evidence contained in the record, that there is no evidence to sustain the court's findings. Indeed, defendant's counsel in his brief insists that under the evidence there are 18 reasons why the findings should have been in his favor, while there are but 9 why plaintiff should have prevailed. The trial court, whose province it was to weigh the evidence and to pass on the credibility of the witnesses, concluded that plaintiff's nine reasons should prevail rather than defendant's eighteen, and we are bound by the court's conclusion in that regard.

It is also urged that the court erred in permitting plaintiff to answer the following: "State whether or not that is the same steer that you purchased from Mr. Palmer." The objection interposed, and now urged, is that the question calls for "the conclusion of the witness." The

court overruled the objection, and the witness answered in
the affirmative. Let it be assumed that counsel is right in
his contention, yet, in view of the whole record, and inasmuch
as the case was tried to the court, no prejudicial error resulted,
nor could result, from the ruling of the court. We remark
that the only question involved was the identity of a certain
steer. Both parties claimed the steer in question, and the
court found upon sufficient evidence that the steer belonged
to the plaintiff, and not to the defendant, and, so far as we
are concerned, that finding must prevail.

The judgment is therefore affirmed. Plaintiff to recover
costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ.,
concur.