Appeal from Third District.

# BUSH v. BUSH et ux.

No. 3357.   Decided November 12, 1919.   (184 Pac. 823.)

1. REPLEVIN—ELEMENTS OF ACTION IN CLAIM AND DELIVERY.   The essential elements of an action in claim and delivery are the same as in the common-law action of replevin.   (Page 238.)

2. REPLEVIN—PLEADING OF RIGHT OF POSSESSION.   Complaint in action of claim and delivery should state facts from which it may be inferred with reasonable certainty that plaintiff is entitled to possession of property at time of commencement of action; an allegation of ownership being insufficient, inasmuch as owner may not be entitled to possession.[1]   (Page 240.)

3. REPLEVIN—RIGHT OF OWNER TO BRING ACTION.   Owner has no right to bring action in claim and delivery, unless he is entitled to immediate possession of the property.   (Page 240.)

4. PLEADING—ALLEGATIONS OF COMPLAINT.   Complaint, in order to state cause of action, must state facts which, if true, will entitle plaintiff to legal or equitable relief.   (Page 240.)

5. REPLEVIN—SUFFICIENCY OF ALLEGATIONS AS TO POSSESSION.   Complaint, in action in claim and delivery, held defective in failing to allege plaintiff's right to possession of the property at the time of bringing the action.   (Page 243.)

6. PLEADING—COMPLAINT MUST ALLEGE ULTIMATE FACT.   In pleading a cause of action, ultimate fact must be stated.   (Page 244.)

7. PLEADING—WAIVER OF DEFECT.   In action in claim and delivery where complaint was defective in failing to plead plaintiff's right to possession, defendant by tendering requested instructions relating to the right of possession, and by permitting court without objection or exception to give other instructions relating to possession, waived such defect.[2]   (Page 244.)

8. PLEADING—ANSWER SUFFICIENT TO RAISE ISSUE OF POSSESSION.   In action in claim and delivery where complaint was defective in failing to plead plaintiff's right of possession, answer held not to waive defect.   (Page 244.)

9. APPEAL AND ERROR—PRESUMPTION AS TO JUDGMENT.   Every reasonable intendment must be indulged in favor of the judgment.   (Page 245.)

---

[1] *Chambers* v. *Emery*, 36 Utah, 380, 103 Pac. 1081, Ann. Cas. 1912A, 332, and note.

[2] *Harkness* v. *McClain*, 8 Utah, 52, 29 Pac. 964; *Voorhees* v. *Manti City*, 13 Utah, 435, 45 Pac. 564; *Mangum* v. *Bullion, Beck & Champion Min. Co.*, 15 Utah, 534, 50 Pac. 834.

Appeal from District Court of Salt Lake County, Third District; *J. Louis Brown*, Judge.

Action by Clara Bush, administratrix, etc., against Amos Bush and wife. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*Hancock & Barnes*, of Salt Lake City, for appellants.

*Robt. L. Judd*, of Salt Lake City, for respondent.

THURMAN, J.

This is an action in claim and delivery. The essential elements are the same as in the common-law action of replevin. A verdict was rendered in favor of plaintiff, and judgment entered thereon. After judgment the defendants moved the court to dismiss the complaint and vacate the judgment on the ground that the "complaint does not state facts sufficient to constitute a cause of action." The motion was overruled, and the order overruling it is assigned as error, and relied on by appellants for a reversal of the judgment.

The complaint, after alleging the death of plaintiff's intestate, the plaintiff's appointment as administratrix, and a description of the property proceeds as follows:

"That on the 13th day of October, 1918, and for some time prior thereto Hubert Bush, deceased, was the owner and in possession of said property, and that ever since said date his said estate has been and now is the owner of said property, which is of the reasonable value of $775.

"That on or about the 4th day of November, 1918, the defendants did wrongfully and willfully and without the consent of the plaintiff keep the said goods in their possession, and refuse to deliver them to the said plaintiff herein.

"That on or about the 4th day of November, 1918, and before the commencement of this action, the plaintiff duly demanded the said goods from the said defendants, but that the said defendants

wrongfully and willfully refused to deliver to the plaintiff the said goods in question.'

(Prayer for judgment.)

The specific objection made to the complaint by appellants is that it fails to allege that plaintiff was entitled to possession of the property when the action was commenced. It is contended by appellants that in an action of this kind a complaint which fails to allege that plaintiff is entitled to the immediate possession of the property in controversy is fatally defective. On the other hand, respondent contends that an allegation of ownership in the plaintiff carries with it a presumption of right to possession, and therefore a specific allegation of right to possession is not essential. Each of the parties present for our consideration numerous authorities in support of their respective contentions, from which it appears there is more or less conflict, and in some respects no little confusion.

The authorities cited and relied on by appellant are as follows: *Chambers* v. *Emery*, 36 Utah, 380, 103 Pac. 1081, Ann. Cas. 1912A, 332, and note, 23 R. C. L. 925; *Fredericks* v. *Tracy*, 98 Cal. 658, 33 Pac. 750; *Simonds* v. *Wrightman*, 36 Or. 120, 58 Pac. 1100; *Casto* v. *Murray*, 47 Or. 57, 81 Pac. 388; *Masterson* v. *Clark*, 41 Pac. 796;[3] *Bane* v. *Peerman*, 125 Cal. 220, 57 Pac. 885; *Vanalstine* v. *Whelan*, 135 Cal. 232, 67 Pac. 125; *Chan* v. *Slater*, 33 Mont. 155, 82 Pac. 657; *Eilers* v. *Pick*, 58 Or. 54, 113 Pac. 54; *Kimball* v. *Redfield*, 33 Or. 292, 54 Pac. 216; *Kierbow* v. *Young*, 20 S. D. 414, 107 N. W. 371, 8 L. R. A. (N. S.) 216, 11 Ann. Cas. 1148; *Vitagraph* v. *Swaab*, 248 Pa. 478, 94 Atl. 126, Ann. Cas. 1916C, 311; Cobbey, Replevin, sections 526-529.

[3] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 109 Cal. xv.

Respondent, in reply, calls our attention to the following: *Pierce* v. *Langdon*, 3 Idaho (Hasb.) 141, 28 Pac. 401; *Bates* v. *Capital State Bank*, 18 Idaho, 429, 110 Pac. 277; *Ill. Sewing Mach. Co.* v. *Harrison*, 43 Colo. 362, 96 Pac. 177, and cases cited; *McAfee* v. *Montgomery*, 21 Ind. App. 196, 51 N. E. 957; *Nielsen* v. *Hyland*, 170 Pac. 778.

From an examination of the authorities cited it will appear

that the contentions of both parties find considerable support. There is a looseness of expression in many of the cases, in one respect, which has led to some of the confusion above referred to. For example, many of the cases express the view that it is necessary to allege either that the plaintiff is the owner of the property, or that he is entitled to its possession at the time the action is commenced. One or more of the decisions of this court above cited, in the matter referred to, are subject to the same criticism. In every instance, however, where such looseness of expression occurs the specific question here presented was not involved. Such expressions as those referred to, if not carefully read and considered in connection with the facts of the particular case, are well calculated to mislead the reader and induce him to believe that either an allegation of ownership or right to possession at the time the action is commenced is sufficient; that it is not necessary to allege both. We are of the opinion that such is not a correct view of the law, and, save in exceptional cases, it is contrary to the great weight of authority as laid down both by textwriters and in the adjudicated cases. The exceptional cases are where the statement of facts shows that plaintiff is entitled to the immediate possession of the property when the action is commenced, notwithstanding he may not be the owner of the property. The right of immediate possession is an essential element of the action whether the plaintiff is the owner of the property or not. But the converse of the proposition is not maintainable; an allegation of ownership merely is not sufficient, for the reason that, while one party may be the owner of the property, another may be entitled to the present possession. Any number of illustrations will occur to the mind of the reader without making specific reference. This being the case, it is fallacious to assert that an allegation of ownership alone is sufficient. Any complaint, in order to state a cause of action, must state facts which, if true, will entitle plaintiff to legal or equitable relief. This is the crucial test. How, then, can it be contended that where a complaint alleges ownership only it states a cause of action when, even admitting that fact to be true, the plaintiff

may, nevertheless, not be entitled to relief as against one having the right of possession when the action is commenced?

In some of the cases cited, especially those from the state of Colorado, it appears a different doctrine is enunciated. The cases so decided proceed upon the theory that an allegation of ownership in the plaintiff carries with it the presumption that plaintiff is entitled to possession. This would be true if the presumption was absolutely conclusive; but, inasmuch as at most it is only a rebuttable presumption, we feel justified in holding that the doctrine is fallacious, and is founded upon an erroneous conception of the legitimate functions of pleading in a court of justice. Much as we appreciate the high standing of the Supreme Court of our sister state, we cannot subscribe to the doctrine announced in the cases referred to.

In Wells on Replevin (2d Ed.) section 94, it is said:

"One of the cardinal rules of this action is, that the plaintiff must in all cases have a general or special property in the goods which he seeks to recover, with the right to their immediate and exclusive possession at the time of the commencement of his suit. This has been the rule from the earliest times, and is sustained by an unbroken current of authorities to the present day. It is also an established rule that the plaintiff, having such property and right of possession, may sustain the action without other title, even against the general owner."

Again, the same author, in section 670, in stating the essential elements of a complaint, says:

"The declaration should be drawn to meet the proof which will be produced at the hearing. The gist of the action is the wrongful detention. The plaintiff must allege the right or title in himself as it exists, the right to immediate possession, and the detention by the defendant."

Shinn on Replevin, section 428, states the rule more elaborately and perhaps more succinctly:

"The declaration, complaint, or petition (as the first pleading on the part of the plaintiff may be called) must in general contain an averment of the three fundamental facts which together make up a cause of action in replevin. That is to say, the plaintiff must, in ordinary cases in the pleading by which he states to the court his cause of action, state the following facts: (1) The ownership of the plaintiff; (2) the right of the possession of the plaintiff to the property at the time the action is brought; and (3)

the present wrongful detention of the defendant."

Cobbey on Replevin, section 27, cited by appellant, says:

"Replevin is strictly a possessory action, 'such wherein the right of possession only, and not of property, is contested.' Its primary object is to enable the plaintiff to obtain the actual possession of personal property wrongfully detained from him by the defendant at the time the action is brought. Generally speaking, in an action of replevin the right to the possession of the property at the time the suit is brought is the only matter in controversy, and the only question that can be tried and determined therein."

The same author, in section 591, in naming the essentials of a good complaint, states the rule with less perspicuity as follows:

"A complaint which alleges (1) wrongful taking, (2) wrongful possession, (3) unlawful conversion, is a good complaint in replevin. The complaint must show a right of property and of possession in the plaintiff."

In 23 R. C. L. p. 925, under the head of Pleading, it is said:

"It may be stated as a well-settled general rule that it is necessary to allege both the ownership, either general or special, and the right to immediate possession in a complaint for replevin."

Further on in the same section the author says:

"Where the complaint merely alleges ownership in the plaintiff without averring a right to possession, no cause of action is stated. It is necessary to allege that the plaintiff is the owner and entitled to possession of the property at the date of the commencement of the suit."

In 34 Cyc. at page 1464, we find the following:

"In an action of replevin, as in other civil actions, the complaint must allege facts sufficient to constitute a cause of action, and to show that it exists in favor of plaintiff, and against defendant. Whether the action is at common law or under the statutes, the complaint must state in clear and concise language the facts upon which plaintiff bases his right and which entitle him to recover, and it must allege facts, and not matters of evidence, or legal conclusions. The material facts to be alleged are plaintiff's ownership, either general or special, of the property, describing it, his right to its immediate possession, and the wrongful taking or detention thereof by defendant."

The foregoing excerpts state the law as maintained by all

the text-writers we have examined upon the question involved, and we have no reason to believe there is any substantial dissent from the doctrine thus announced. Hence we are driven to the conclusion that an allegation of ownership alone is not sufficient; that there must be a statement of facts from which it may be inferred with reasonable certainty that plaintiff is entitled to the possession of the property when he commences his action, and, as stated by Cyc., supra, it must be a statement of facts, and not mere legal conclusions. See, also, *Chambers* v. *Emery,* 36 Utah, 380, 103 Pac. 1081, Ann. Cas. 1912A, 332.

With this statement of the law as we find it, we come now to an analysis of the complaint in the instant case. If there are sufficient facts stated from which it may be inferred with reasonable certainty that plaintiff at the time the action was commenced was entitled to the immediate possession of the property, then the complaint states a cause of action, and the contention of appellant is without merit.

The complaint in effect alleges that plaintiff's intestate was the owner of the property at the time of his death, and that plaintiff thereafter, as administratrix, became the owner and continued to be so until the action was commenced; that on the 4th day of November thereafter the defendant wrongfully, willfully, and without consent of plaintiff kept possession of the property, and on said date wrongfully and willfully refused to deliver it to plaintiff, although she made demand therefor. This is all that is alleged concerning ownership and right of possession. It will be observed the complaint nowhere alleges that plaintiff was entitled to the possession of the property, either at the time of commencing the action or at the time the complaint was verified, which was on the 13th day of November, 1918. From November 4th until November 13th there is a complete hiatus in the pleading concerning the possession or right of possession, unless we indulge in the presumption that right of possession follows from the fact of ownership, as held by the Colorado court.

We have already observed that that is a deduction that

should not be made in pleading. It may be proper as a matter of evidence in the trial of a cause, but, in pleading, ultimate facts must be stated. *Fredericke* v. *Tracy,* 98 Cal. 660, 33 Pac. 750.

Respondent seems to rely with considerable assurance on the case of *Nielsen* v. *Hyland,* 51 Utah 334, 170 Pac. 778. In that case the complaint alleged the ownership and value of the property, the wrongful possession by defendants, the demand of plaintiff, and that defendants still continued to wrongfully detain the property, thus bringing the wrong complained of down to the very commencement of the action. Such a state of facts, in our opinion, justifies the conclusion that the plaintiff was entitled to the possession of the property when he commenced his action. We held the complaint was sufficient; we are still of the same opinion, but, without stating the difference in detail, it is sufficient to say no such case is presented here.

In view of what has been said it follows that in our opinion the complaint in this case is fatally defective; and, unless the appellants, by their course of conduct, waived the defect, the judgment of the trial court should be reversed.

The defendants answered the complaint, but it cannot be contended that the answer waived the defect by tendering the issue omitted in the complaint. The answer, in brief, merely denies the allegations of the complaint relating to ownership by plaintiff and wrongful detention by defendants, and affirmatively alleges ownership in defendants.

During the course of the trial defendants tendered certain requests to instruct the jury relating to the right of possession. These were refused by the court, but the circumstance tends to show that right of possession was accepted as an issue at the trial, and evidence admitted thereon. Furthermore, the court was permitted, without objection or exception, to instruct the jury as follows:

"You are instructed that if you find by a preponderance of the evidence that the plaintiff in this case, at the time the suit was commenced, was lawfully entitled to the immediate possession of the property in the complaint described, and that the defend-

ants, or either of them, had the same in their possession, you will find for the plaintiff."

While, as heretofore shown, the right of possession at the commencement of the action was not put in issue by the pleadings, yet it must have been made an issue at the trial, and evidence admitted thereon, or the above instruction would not have been given. Every reasonable intendment must be indulged in favor of the judgment. In 14 Standard Ency. of Procedure, at p. 524, it is said:

"The issues of a case are defined by, and confined to, the pleadings. Ordinarily matters not put in issue by the pleadings cannot be litigated. In determining the issues made in the case, the pleadings, and not the evidence, must be looked to. But the parties by their conduct on the trial may include a disputed fact within the issues of the case, although such fact does not appear at issue in the pleadings."

See, also, note to the above citation.

In vol. 21 of the authority last cited, at pages 411 and 412, the text reads:

"The admission of evidence under a defective allegation, without objection, will generally operate as a waiver of the defects; and the same rule has been applied where the complaint omits some fact essential to a cause of action, but which might be supplied by amendment, although there is authority to the contrary."

The cases cited in this excerpt, in note 25, fully support the text. The first case cited, *Slaughter* v. *Goldberg, Bowen & Co.*, 26 Cal. App. 318, 147 Pac. 90, a California case, requires something more than a passing notice, because it gives full effect to the provisions of section 475 of the California Code of Civil Procedure, which is substantially the same as our Comp. Laws 1917, section 6622, requiring errors to be disregarded which do not affect the substantial rights of the parties.

The action in the case referred to was for damages resulting from the death of plaintiff's intestate alleged to have been caused by negligence. The complaint failed to show the existence of any heirs, which was conceded to be an essential element in stating a cause of action. The defendants filed a general demurrer, and urged in support of it the omission above referred to. The demurrer was overruled, defendants

answered and went to trial. Evidence was admitted without objection. On appeal the order of the court overruling the demurrer was relied on for reversal of the judgment. Respondent resisted appellant's contention, and insisted that the admission of evidence without objection cured the omission of the allegation. This point was sustained by the appellate court, which, in the course of its opinion, at page 93 of 147 Pac., at page 325 of 26 Cal. App., used the following language:

"We do not feel disposed to examine the numerous cases cited by the parties. It seems to us that the reformed procedure would receive a decided shock if a defendant should be permitted to stand by and without objection allow an issue to be tried as though properly presented by .the pleadings, and on appeal escape the consequences by claiming that the complaint failed to present such issue. If there ever was a case where section 475 of the Code of Civil Procedure was intended to apply, this, seems to us, is one."

Then, after referring to and quoting from *Texas & Pac. Ry.* v. *Lacey,* 185 Fed. 226, 107 C. C. A. 331, which seems to be in point, the California court proceeds:

"In the case here the trial proceeded in all respects as though the pleadings sufficiently presented the issue as . to there being heirs, and precisely as it would had the complaint contained the allegation which it is insisted it should have contained. Why, then, should the case go back to have the complaint amended, as it is manifest that the proofs would be the same? How can it be said that defendant has sustained 'substantial injury, and that a different result would have been probable if such error * * * or defect had not occurred'?"—citing the section above referred to.

The case at bar is substantially similar in every respect to the case from which the above excerpts are quoted, except that in the instant case no demurrer was filed and no objections whatever made until after verdict and judgment had been entered thereon. In that respect this is a stronger case for the application of the rule that harmless errors must be disregarded. The following cases also seem to be in point in a, greater or less degree: *Noakes* v. *City of Los Angeles,* 175 Pac. 409; *Boyle* v. *Imp. Co.,* 27 Cal. App. 714, 151 Pac. 25; *L. & N. Ry.* v. *Taylor,* 92 Ky. 55, 17 S. W. 198; *Lounsbury* v. *Purdy,* 18 N. Y. 515; *Wright* v. *Deering,* 2 Misc. Rep. 296, 21

N. Y. Supp. 929; *Hogg* v. *Pinckney,* 16 S. C. 387; *Sherwood* v. *City of Sioux Falls,* 10 S. D. 405, 73 N. W. 913; *Martin* v. *Graff,* 10 S. D. 592, 74 N. W. 1040; *Stenson* v. *Elfmann,* 26 S. D. 134, 128 N. W. 588; *Rea* v. *Eslick,* 87 Wash. 125, 151 Pac. 256.

Many of the cases last cited, like the California case, go to the extent of holding that the defect is waived by introducing evidence, even where the objection was made by demurrer in the court below. We need not go to that extent in the present case, and expressly reserve that question until it becomes necessary to determine it.

Respondent calls our attention to three Utah cases involving the question of defects cured by verdict. *Harkness* v. *McClain,* 8 Utah, 52, 29 Pac. 964; *Voorhees* v. *Manti City,* 13 Utah, 435, 45 Pac. 564; *Mangum* v. *Bullion, Beck & Champion Min. Co.,* 15 Utah, 534, 50 Pac. 834.

The case of *Harkness* v. *McClain,* in our opinion, is the only one of the three cases last cited which bears any similarity in principle to the case at bar; and, even in that case, which was an action upon a promissory note in which there was no allegation of notice to the indorser, it seems an answer was filed which raised the issue of notice. In every other respect the cases are similar. As we read the cases heretofore referred to we see no difference between raising the issue by answer where it was not presented by the complaint and raising it by the tacit consent of the parties during the course of the trial. Viewed in that light, the case of *Harkness* v. *McClain,* supra, is an authority in point.

We find no prejudicial error in the matter complained of. The judgment of the trial court is affirmed at cost of appellants.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.