SANDERS v. MILFORD AUTO CO. (CLAY, Intervener).

No. 3934.   Decided August 21, 1923.   (218 Pac. 126.)

1.  JUDGMENT—FACTS HELD TO SHOW INTERVENER'S DEFAULT JUDG-
    MENT ILLEGALLY ALLOWED. Plaintiff commenced an action in
    claim and delivery. The court permitted an intervener to file
    a complaint claiming right of possession and damages for de-
    tention against plaintiff, who after expiration of the time to
    answer, demur, or file motions, dismissed his complaint and
    filed a motion to strike out portions of the intervention com-
    plaint. While the motion was pending, intervener secured
    judgment by default, from which plaintiff appealed. Held, that,
    failure to file the motion within the time allowed under Comp.
    Laws 1917, § 6844, was cured by filing the motion before de-
    fault was entered, and judgment by default was illegal.[1]

2.  JUDGMENT—PLAINTIFF'S PENDING MOTION TO STRIKE PORTION OF
    PLEA IN INTERVENTION PREVENTS ENTRY OF DEFAULT JUDGMENT.
    The rule that the pendency of a motion, the determination of
    which either way could not affect plaintiff's right to proceed
    with his cause, will not prevent entry of default judgment is
    negatived by Comp. Laws Utah 1917, § 6844, specifically allow-
    ing answer, demurrer, or motion within the time specified in
    the summons.

3.  JUDGMENT—MOTION TO SET ASIDE DEFAULT JUDGMENT GRANTED
    WHILE MOTION TO STRIKE WAS PENDING, HELD MATTER OF RIGHT;
    AFFIDAVIT OF MERITS UNNECESSARY. Plaintiff's motion to set
    aside a default judgment entered in favor of an intervener
    while his motion to strike part of the intervener's complaint
    was pending, should have been granted as a matter of right,
    though unsupported by an affidavit of merits, in view of Comp.
    Laws 1917, § 6844, restricting the time for answering, demur-
    ring, or filing motions to that specified in the summons.[2]

4.  JUDGMENT—INTERVENER CANNOT PREDICATE SUPPORT FOR HIS DE-
    FAULT JUDGMENT ON RIGHTS AFFECTING ONLY ORIGINAL PARTIES.
    A voluntary intervener, in an action in claim and delivery for
    possession of an automobile, cannot complain that plaintiff, by
    obtaining possession under a statute and then dismissing his

---

[1] Felt v. Felt, 50 Utah, 364, 167 Pac. 835.

[2] Manti City Savings Bank v. Peterson, 30 Utah, 475, 86 Pac.
414, 116 Am. St. Rep. 862; Chambers v. Emery, 36 Utah, 380, 103
Pac. 1081, Ann. Cas. 1912A, 232; James v. Jensen, 50 Utah, 485, 167
Pac. 827.

complaint, subjected himself to judgment for the return of the property to defendant, since such intervener is not affected by proceedings between the original parties, both adverse to him.

5. REPLEVIN—INTERVENER'S COMPLAINT NOT ALLEGING RIGHT TO POSSESSION WHEN FILED HELD FATALLY DEFECTIVE. In an action in claim and delivery for possession of an automobile, a complaint in intervention, claiming the right to possession at a time in the past, and prior thereto, without alleging an existing right at time of filing, is fatally defective.[3]

Appeal from District Court, Fifth District, Beaver County; *W. F. Knox,* Judge.

Action by Orson Sanders against Milford Auto Company in which E. W. Clay intervened. From a default judgment in favor of intervener, plaintiff appeals.

REVERSED and REMANDED with directions.

*D. W. Moffat, of Murray,* and *C. T. Woodbury,* of Milford, for appellant.

*Sam Cline,* of Milford, for respondent.

CHERRY, J.

This is an appeal by the plaintiff from a judgment rendered against him by default in favor of intervener.

On September 29, 1921, plaintiff commenced the action in claim and delivery against defendant to recover the possession of an automobile. By virtue of an affidavit, order, and undertaking, the sheriff took the automobile from the defendant, and in due time delivered it to the plaintiff. Thereafter, and on February 1, 1922, E. W. Clay, with the permission of the court, filed a complaint in intervention in the action, wherein he claimed the right of possession of the automobile and prayed for its recovery from the plaintiff with damages for detention. On March 13, 1922, the plaintiff voluntarily dismissed his complaint, and, on the same day, filed

a motion to strike out portions of the complaint in intervention on the grounds of irrelevancy, etc. On June 29, 1922, and when the motion to strike was pending and undisposed of, upon the application of intervener's attorney, the clerk entered the default of the plaintiff for not answering or demurring to the complaint in intervention within the time allowed by law, and, on the same day, in the absence of the plaintiff, intervener applied to the court for, and obtained, a judgment against the plaintiff for the recovery of the automobile, and for $250 damages, etc. On July 17, 1922, the plaintiff, without making an affidavit of merits or tendering a defense, filed a motion to set aside the default and the judgment on the grounds of irregularity, which motion was heard and overruled by the court, and this appeal followed.

The main question is whether, under the provisions of Comp. Laws Utah 1917, § 6844, the pendency of plaintiff's motion precluded the entry of the default and judgment.

Section 6844, so far as material here, provides that judgment by default may be had "if no answer, demurrer, or motion has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted," etc. The motion was not filed within the statutory time after the service and filing of the complaint in intervention, but it was filed before the intervener claimed a default. Respondent suggests that the motion should be disregarded for that reason. But in such case there is no default. The rule supported by numerous authorities is stated as follows:

"When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the meantime the pleading is served and filed, he, by such conduct, in effect grants the additional time, and the party is not strictly in default." *Reher* v. *Reed*, 166 Cal. 525, 137 Pac. 263, Ann Cas. 1915C, 737. *Bank* v. *Kenyon*, 32 Cal. App. 635, 163 Pac. 869; *Cudahy* v. *Gragg*, 46 Cal. App. 578, 189 Pac. 721; *Ortega* v. *Vigil*, 22 N. M. 18, 158 Pac. 487; *State* v. *Superior Court*, 85 Wash. 663, 149 Pac. 16; *Kerney* v. *Hatfield*, 30 Idaho, 90, 162 Pac. 1077; *Bordentown B. Co.* v. *Restein*, 214 Pa. 30, 63 Atl. 451.

The plaintiff's motion to strike was not frivolous on its

face. It was a motion recognized by law, and very commonly employed in practice in this state. Comp. Laws Utah 1917, § 6844, clearly recognizes the pendency of a motion as staying the right to a default judgment until the motion is disposed of. In *Felt* v. *Felt*, 50 Utah, 364, 167 Pac. 835, this court held that a motion to require plaintiff to separately state causes of action, being a motion recognized by law, was sufficient, in view of the statute relating to default, to stay entry of default until the motion was disposed of. Mr. Justice Thurman, speaking for the court, says:

"Whether or not the motion was sufficiently specific and definite in its terms does not alter the case. If an answer had been filed which did not state a defense, or a demurrer insufficient in form to raise the objection intended by the pleader, it would, nevertheless, have been sufficient to prevent default being entered by the clerk until the matter was judicially determined. We have no hesitancy in holding that the default in this case was illegal and irregular; and the court did not err in striking it from the files."

In Colorado, under a statute similar to ours, it is held that a motion filed preserves defendant's right to answer and prevents a default. *A. T. & S. F. R. R. Co.* v. *Nicholls*, 7 Colo. 188, 6 Pac. 512; *Chivington* v. *Colorado Springs Co.*, 9 Colo. 597, 14 Pac. 212; *Dillon* v. *Rand*, 15 Colo. 372, 25 Pac. 185; *McDermett* v. *Rosenbaum*, 13 Colo. App. 444, 58 Pac. 880. See, also, *Mitchell* v. *Campbell*, 14 Or. 454, 13 Pac. 190; *St. L. & S. F. R. Co.* v. *Young*, 35 Okl. 521, 130 Pac. 911; 1 Black on Judgments, § 86, 23 Cyc. 751.

Respondent contends for the rule, supported by numerous authorities, that the pendency of a motion, the determination of which either way could not affect the right of the plaintiff to proceed with the cause, will not prevent the entry of a default. This rule is not applicable where there is a statute such as section 6844, supra, in terms recognizing a motion pending as staying the right to a default judgment. *Naderhoff* v. *Geo. Benz & Sons*, 25 N. D. 165, 141 N. W. 501, 47 L. R. A. (N. S.) 853, and note.

The entry of the default by the clerk, when the motion to strike was pending, was wholly unauthorized, because the plaintiff was not in default, and the judgment rendered was

illegal and irregular, and should have been set aside upon the motion of plaintiff.

An affidavit of merits was not necessary to support the motion to set aside the judgment, because the plaintiff, as a matter of right, was entitled to have the motion granted. 23 Cyc. 955; *Lushington* v. *Seattle A. & D. Club,* 60 Wash. 546, 111 Pac. 785; *Quan Q. F.* v. *Lyons,* 20 Cal. App. 668, 130 Pac. 33; *Van Woert* v. *N. Y. L. I. Co.,* 30 N. D. 27, 151 N. W. 29, Ann. Cas. 1918A, 203; *State* v. *Justice's Court,* 44 Nev. 140, 190 Pac. 977; *Hertzberg* v. *Elvidge,* 79 Misc. Rep. 109, 140 N. Y. Supp. 670.

Intervener asserts his right to the judgment rendered independent of any pleading, and upon the grounds that the plaintiff, by obtaining possession of the automobile by the provisional remedy of the statute, and then dismissing his complaint, thereby subjected himself to a judgment for the return of the property taken in favor of defendant. Whatever may be the rights of the defendant in this respect, intervener is not entitled to make such a claim. Plaintiff did not sue intervener, nor obtain possession of the automobile from him. Intervener came into the action as a volunteer, and set up claims adverse to both plaintiff and defendant. He is not affected by the proceedings had between the plaintiff and defendant.

An additional question requires brief notice. Plaintiff alleges that the complaint in intervention does not state facts sufficient to constitute a cause of action, because there is no allegation of intervener's right to the possession of the automobile in question at the time the complaint in intervention was filed (February 1, 1922), the allegation being in the past tense, that the intervener had that right on or about the 29th day of September, 1921, and for some time prior thereto.

The complaint in intervention asserted an independent right to the property in question. The very right to intervene in the action depended upon a present right to the possession of the property. It was therefore necessary to allege the right in the present tense, or as existing at the time of the intervention.

The complaint is insufficient in this respect. *Manti City*

*Savings Bank* v. *Peterson,* 30 Utah, 475, 86 Pac. 414, 116 Am. St. Rep. 862; *Chambers* v. *Emery,* 36 Utah, 380, 103 Pac. 1081, Ann. Cas. 1912A, 332; *James* v. *Jensen,* 50 Utah, 485, 167 Pac. 827.

The judgment is reversed, and the cause remanded to the district court for further proceedings in accordance with the views herein expressed. Intervener should be permitted to amend his complaint, if he so desires, and plaintiff allowed an opportunity to plead to the same; appellant to recover costs on appeal.

WEBER, C. J., and GIDEON and THURMAN, JJ., concur.

FRICK, J., did not participate.