## DOUGLAS et al. v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 2711.   Decided January 28, 1915 (146 Pac. 562).

1.  JUSTICES OF THE PEACE—RECORD—CONCLUSIVENESS.  On appeal to the district court, the transcript of the justice's record as to all matters or things required to be, and which are, recorded therein, is conclusive, and may not be aided, contradicted, or controlled by anything *dehors* the record. (Page 489.)

2.  STIPULATIONS—SECURITY FOR COSTS—DATE OF ORDER.  In view of Comp. Laws 1907, section 3757, not requiring a record of a justice's order requiring security for costs, which order was not in fact recorded, it was competent for the parties to stipulate that the order was made on a certain date. (Page 489.)

3.  COSTS — SECURITY FOR COSTS — TIME FOR FILING — STATUTES. Under Comp. Laws 1907, section 3769, providing that justices of the peace may require a deposit or security for costs of court, security is not required to be furnished within twenty days after demand therefor, but within twenty days after order requiring it to be furnished. (Page 490.)

*Mandamus* by Thomas Douglas and Henry Douglas, partners as Douglas Bros., against the District Court of Salt Lake County, State of Utah; *Hon. Morris L. Ritchie,* Judge.

Writ ordered to issue.

*Chris Mathison* for plaintiffs.

*D. B. Shields* for defendants.

STRAUP, C. J.

We, on application for a writ of *mandamus*, are asked to direct the district court to reinstate a case dismissed by him and to proceed with it.  The case is one appealed to the district court from a justice court.  The question presented involves the construction of Comp. Laws 1907, section 3769, relating to justices' courts.  It reads:

"Justices of the peace may in all cases require a deposit of money or an undertaking as security for costs of court, before filing the complaint.  If the plaintiff is a nonresident, however, the defendant may demand that the plaintiff make a deposit of money or give an undertaking with two good sureties in any sum not exceeding $100, as the court may determine, for payment of costs adjudged against the plaintiff; and all proceedings shall stop unless such undertaking is given, and if not given within twenty days the suit shall be dismissed without prejudice."

The applicants, on the 8th of August, 1911, commenced an action against the defendants Thees in a justice court.  They were served with summons on the 18th.  On the 29th they served and filed a demand "for security for costs, as provided by section 3769," on the ground that the plaintiffs were nonresidents.  On September 5th they filed a general demurrer to the complaint.  There the matter stood until the plaintiffs, on the 22d of March, 1913, served and filed notice that on the 26th they would "call up for hearing and determination" the motion for security for costs.  The justice's transcript shows all this, but does not show what disposition was made of the motion or whether an order was made or not requiring security for costs to be given.  In the affidavit for the writ it is averred, and the averment is admitted, that on the 26th of March, 1913, upon a hearing before the justice, counsel for both parties appearing, the justice ordered that the plaintiffs give security for costs in the sum of ten dollars. Within twenty days from that time, and on the 12th of April,

1913, the plaintiffs gave and filed an undertaking with two sureties for that amount. The transcript of the justice, as well as the affidavit for the writ, shows that the undertaking was given and filed at that time. On the 14th of April, two days after the undertaking was filed, the defendants served and filed notice that on the 16th they would move for a dismissal of the action, on the ground that the security "was not furnished within the time required by" the section referred to. On that day, and on a hearing, the justice granted the motion and dismissed the action. Judgment was entered accordingly. From that judgment the plaintiffs prosecuted an appeal to the district court. There the motion to dismiss was called up and renewed, and was granted, and the action dismissed.

It is contended by the defendants that, under the provisions of section 3769, the plaintiffs were required, within twenty days from the service and filing of the demand for security for costs, to give such security, which was not done within that time; by the plaintiffs, within twenty days from the time the order requiring security to be given was made, which was done. That is what divides them. The district court held with the defendants, but chiefly on the ground that inasmuch as the justice's transcript did not show when the order requiring security for costs was made, but did show that the action was dismissed for a failure to give the security "in the time required by the statute," the presumption must be indulged that the order was made more than twenty days prior to the filing of the undertaking. The transcript in such particular recites:

"August 29, 1911, notice demanding security for costs filed; September 5, 1911, oral general demurrer; March 25, 1913, notice of hearing the defendants' motion for security for costs filed; April 12, 1913, costs bond filed; April 14, 1913, motion to dismiss action filed; April 16, 1913, motion to dismiss for failure to file costs bond in time required by statute. Motion granted."

It is thus seen that the transcript does not show even the making of an order, but does show a dismissal of the action for a failure to file a cost bond "in time required by stat-

ute.''   In the affidavit for the writ it is alleged, and the averment is admitted, that, at the hearing before the district court, it was by the parties stipulated and agreed that, in pursuance of the notice of the hearing before the justice on the motion for a cost bond, the justice, on the 26th of March, 1913, ordered that one in the sum of ten dollars be furnished by the plaintiffs.   The court, disregarding the stipulation— evidently on the theory that such fact could not be made to appear by evidence *dehors* the justice's record—from the facts on the face of the record and the undertaking, that a demand for a cost bond was made, that a motion was noticed for hearing, that a cost bond was filed, that it recited that ''the plaintiffs  *  *  *  have been ordered  *  *  *  to file an undertaking'' in the sum of ten dollars, and the jus- tice's recital that the action was dismissed ''for failure to file costs bond in time required by statute,'' indulged the presumption that the order was made more than twenty days from the filing of the undertaking.   That, in effect, requires a double presumption : One that an order was made; and the other as to when it was made—and thus one presump- tion is put on another, and that, too, not alone upon the face of the record, but partly on that, and partly on recitations in the undertaking.   So, too, if indulged upon the record it is to be observed that the recitals or entries thereof do not show that the bond was not filed within a required time after the making of an order, and for that reason the action was dismissed, but that it was not filed ''in time required by statute,'' and for that reason the action was dismissed.

It may be conceded, as may have been assumed by the court, that the transcript of the justice's record as to all matters or things required to be and which are recorded is deemed conclusive, and may not be aided, contradicted, or controlled by anything *dehors* the record.

But the making of an order requiring security for costs was not required to be (section 3757, C. L. 1907), and in fact was not, recorded.   Then, too, as already observed, the recital in the docket does not show that the action was dismissed for a failure to file a cost bond within a required time after the making of an order, but for a fail-

ure to file it "in time required by statute." However, as the justice was not required to make a record, and made none, as to the making of an order requiring security for costs to be furnished, nor as to the time when it was made, we think it was competent for the parties to agree and stipulate, as they did, that an order was made and as to the time it was made. The district court, as also made to appear, further felt bound, by what he called a conclusive finding of fact by the justice, that the undertaking was not filed "in time required by the statute." That depended upon what view the justice took of the statute. The dismissal of plaintiffs' action on that very ground constitutes their grievance; and by their appeal to the district court they invoked its action and judgment as to that, which, if pronounced in their favor, entitled them, on issues made, to a trial *de novo* before the district court on merits.

We thus have the question as to whether, under the statute, a party on whom a demand is made for security for costs is required to furnish it within twenty days after such demand, or within twenty days after an order is made requiring him to furnish the security. We think the fair meaning of the statute is, although it is not as clearly expressed as may be, that the furnishing of the security is within time, if furnished within twenty days after the making of the order, or service of notice thereof, if made in the absence of the party required to give security, or of his attorney. 11 Cyc. 180.

So let the writ issue directing the district court to reinstate the case and to proceed with it. Costs against the defendants Thees only.

FRICK and McCARTY, JJ., concur.