STATE ex rel. JONES v. WEST PUB. CO. et al.

No. 3166.   Decided April 20, 1918.   (172 Pac. 678.)

1. JUSTICES OF THE PEACE—COMPLAINT—VERIFICATION. Where a complaint in a replevin action before a justice of the peace was verified June 6th, and not filed until June 12th, the court was not thereby prevented from acquiring jurisdiction by reason of the complaint not alleging a present ownership of the goods, as required by Comp. Laws 1907, section 3046.[1]   (Page 132.)

2. COSTS—SECURITY FOR COSTS—TIME OF FILING BOND. Under Comp. Laws 1907, section 3769, a bond as security for costs, by a nonresident corporation is a replevin action, is filed in time if filed within twenty days after order therefor.[2]   (Page 133.)

3. JUSTICES OF THE PEACE—JURISDICTION—DETERMINATION. A defendant sued in replevin before a justice of the peace, who has filed a special demurrer submitting jurisdiction of the court, cannot, after an adverse determination with time given to answer, challenge the jurisdiction of the justice by application to the district court for certiorari.[3]   (Page 133.)

---

[1]*James* v. *Jensen,* 50 Utah, 485, 167 Pac. 827.

[2]*Douglas* v. *District Court of Salt Lake Country,* 45 Utah, 486, 146 Pac. 562.

[3]*Page* v. *Bank,* 38 Utah, 440 112 Pac. 816.

Appeal from District Court of Box Elder County, First District; *Hon. J. D. Call,* Judge.

Certiorari by the State of Utah, on the relation of R. H. Jones, against the West Publishing Company and Denmark Jensen, Justice of the Peace, to review proceedings in the justice court.

Judgment dismissing plaintiff's application and directing the justice to proceed with the case. Plaintiff appeals.

AFFIRMED.

*Henry Seegar* for appellant.

*Le Roy D. Young* for respondents.

CORFMAN, J.

The plaintiff made an application to the district court of Box Elder County for a writ of certiorari directed to the defendants for the purpose of having reviewed the proceeding theretofore had in an action pending before the defendant Denmark Jensen, as justice of the peace of the justice's court of Brigham City, in said county, wherein the defendant West Publishing Company was plaintiff, and the plaintiff, R. H. Jones, was the defendant. The writ was issued by the district court, as prayed for in the application, and thereupon the record of proceedings in the justice's court, together with the files in said action, were certified to the district court by the said justice of the peace. The defendants filed an answer to the plaintiff's application, and, after a hearing in the district court, that court made and entered its findings, conclusions of law, and judgment to the effect that the proceedings in said action before the said justice had been regular, dismissing plaintiff's application, and directing the justice of the peace to proceed with the case.

Plaintiff appeals, and complains that the district court failed to find on the material issue presented on his application for the writ of certiorari.

The court found, so far as material here, as follows:

"(1) That the defendant, the West Publishing Company, was at all times mentioned, and now is, a nonresident foreign corporation created under the laws of Minnesota; and that the defendant Denmark Jensen was at all times mentioned, and is, an acting justice of the peace in and for the city of Brigham, county of Box Elder, state of Utah, and exercising judicial functions as such within the limits of said office of justice of the peace.

"(2) That on the 12th day of June, 1916, the said West Publishing Company, as plaintiff, filed a suit or action against R. H. Jones, as defendant, before the said Denmark Jensen, as justice of the peace, in replevin to recover certain law books in the possession of the said R. H. Jones, defendant, and claimed to be owned by the said West Publishing Company, plaintiff.

"(3). That summons was thereupon issued by the said Denmark Jensen, as justice of the peace, and on the 19th day of June, 1916, said summons was returned showing due and legal service to have been made upon the defendant, R. H. Jones.

"(4) That at the time of the filing of said complaint, to wit, on the 12th day of June, 1916, a bond in replevin in the sum of $250 was filed by the plaintiff, as provided by law, and that thereafter, to wit, on the 1st day of July, 1916, a demand was made by the defendant, R. H. Jones, for an undertaking for costs, in the sum of $300 additional, as security for costs, on the grounds that the plaintiff was a nonresident corporation.

"(5) That on the 18th day of July, 1916, and after written notice served upon the defendant on the 13th day of July, 1916, the said Denmark Jensen, as justice of the peace, made an order fixing the amount of bond, as security for costs, in the sum of $25; that on the 4th day of August, 1916, a bond was filed by plaintiff in the sum of $25, as ordered by the court; that on the 29th day of November, 1916, a copy of said bond, as security for costs, was served on the defendant, R. H. Jones.

"(6) That on the 2d day of December, 1916, the defendant, R. H. Jones, filed his objections to the service of. summons and moved to quash the same; that on the 18th day of December, 1916, the said Denmark Jensen, in open court, overruled said

objection, and gave the defendant R. H. Jones five days in which to plead further to said complaint; that on the 23d day of December, 1916, the defendant filed a verbal demurrer to plaintiff's complaint at ten o'clock a. m.; at three o'clock p. m. defendant filed with said court a written demurrer to plaintiff's complaint; that thereupon the court set the hearing of the demurrer for January 1st, 1917; at ten o'clock a. m. the court was in session, neither party being present, no action was taken on the demurrer by the court.''

'' (8) That thereafter, to wit, on the 6th day of March, 1917, a written notice was served on the defendant, R. H. Jones, that his demurrer to plaintiff's complaint would be heard at ten o'clock a. m., March 12, 1917; that on the 12th day of March, 1917, at ten o'clock a. m., the court being in session, the defendant not being present, and the court having been personally notified by the defendant, R. H. Jones, in person, that he would not be present, the court overruled the demurrer of the defendant; the defendant, R. H. Jones, was notified in writing that he would be given ten day within which to file his answer, dating from the 15th day of March, 1917.''

The finding of the district court were predicated on the record of proceedings and files of the justice's court. The only question, therefore, for the district court to try and determine was whether or not the justice had jurisdiction to proceed with the case.

It was set forth in the plaintiff's application for the writ of certiorari that the complaint in the justice's court had been verified June 6, 1916, and not filed in that court until June 12, 1916, and therefore, being one in replevin, the court acquired no jurisdiction of the subject-matter of the action by reason of the complaint not alleging a present ownership in accordance with the provisions of section 3046, Comp. Laws 1907. Plaintiff complains that the district court's failure to find the fact was prejudicial error. The point raised by plaintiff has been but recently before this court, and decided adversely to him in the case of *James* v. *Jensen*, 50 Utah 485, 167 Pac. 827, and therefore admits of no further discussion.

It is also contended by plaintiff that the defendant failed to file a bond within the time prescribed by section 3769, Comp. Laws 1907. Again the plaintiff is in error. The record shows the order was made by the justice of the peace fixing the amount of the bond July 18, 1916, and that thereafter on the 4th day of August, upon notice to defendant, in full compliance with statute and the orders of the court, the defendant's bond was filed. *Douglas* v. *District Court of Salt Lake County*, 45 Utah, 486, 146 Pac. 562.

Other questions are raised and contended for in plaintiff's brief and argument to the effect that the justice was without jurisdiction to proceed with the case. We will not, however, pause to discuss them in detail, nor say more than that the plaintiff appeared before the justice's court on December 23, 1916, and filed his special demurrer invoking the jurisdiction of the court for the purpose of disposing of the questions thus raised, among them the question of jurisdiction of the court itself; and that question being submitted and determined adversely to him, with time given to answer, he then proceeds to challenge the jurisdiction of the justice's court by application to the district court for a writ of certiorari. He may not do that. *Page* v. *Bank et al.*, 38 Utah, 440, 112 Pac. 816.

The finding of the district court that the justice's court proceeded regularly is amply sustained by the record. Therefore the judgment of the district court dismissing plaintiff's application for a writ of certiorari, and directing the justice's court to proceed with the case, is affirmed. Defendants to recover costs.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.