## PROVO BENCH CANAL AND IRRIGATION COMPANY *v.* TANNER.

ERROR TO THE SUPREME COURT OF THE STATE OF UTAH.

No. 72.   Argued November 11, 1915.—Decided December 6, 1915.

In eminent domain proceedings, an award of one dollar for property taken for an easement does not deprive the owner of his property without due process of law if the state court recognized the right to recover for any substantial damage, but found as matter of fact that no damage whatever had been shown.

40 Utah, 105, affirmed.

THE facts, which involve the validity under the due process provision of the Fourteenth Amendment of a statute of Utah, and judgment of the Supreme Court of that State, regarding rights to flow waters and construct irrigation ditches, are stated in the opinion.

*Mr. J. W. N. Whitecotton* for plaintiffs in error.

*Mr. Charles S. Varian* for defendant in error submitted.

Memorandum opinion by MR. JUSTICE McREYNOLDS, by direction of the court.

Plaintiffs in error, having acquired easements and rights of way over certain lands in the State of Utah, con-

structed thereon connecting canals to convey water intended for irrigation purposes. Relying upon the provisions of a statute of that State (Compiled Laws, 1907, § 1288 x 22) copied in the margin,[1] the validity of which is not contested (*Clark* v. *Nash*, 198 U. S. 361), defendant in error, Tanner, instituted the original proceeding, praying for permission to increase the carrying capacity of the canals, that the character of the enlargement and resulting damages be determined, and that, upon payment of the sum assessed and completion of the enlargement, he be decreed the right to flow water therein. Answers were filed, proof taken, and, the cause having been duly heard by the court without a jury, a decree was entered granting the relief prayed under carefully specified conditions, among them being a perpetual bond to protect against future injuries. Each of the owners was awarded one dollar as damages. Upon appeal the action of the trial court was approved by the Supreme Court. 40 Utah, 105.

Counsel for plaintiffs in error asserts here that, "after all, the whole question is, was there a taking of the property of the canal owners;" and, answering this in the affirmative, he maintains that the judgment below deprives them thereof without due process of law. But the state court, expressly recognizing the right of recovery for

---

[1] When any person, corporation, or association desires to convey water for irrigation or for any other beneficial purpose, and there is a canal or ditch already constructed that can be enlarged to convey the required quantity of water, then such person, corporation, or association, or the owner or owners of the land through which a new canal or ditch would have to be constructed to convey the quantity of water necessary, shall have the right to enlarge said canal or ditch already constructed, by compensating the owner of the canal or ditch to be enlarged, for the damage, if any, caused by said enlargement; *provided*, that said enlargement shall be done at any time from the 1st day of October to the 1st day of March, or at any other time that may be agreed upon with the owner of said canal or ditch.

any substantial damage, found, as matter of fact, that none had been shown by the proof and consequently only a nominal sum could be recovered. It declared that "nothing is made to appear upon which a finding or judgment for substantial damage can rest"—"there is no direct evidence upon this point whatever," and cited *Chicago, Burl. & Quincy R. R.* v. *Chicago*, 166 U. S. 226, in support of the award.

The record discloses no error which we can consider (*Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86, 89), and the judgment is

*Affirmed.*