WEST UNION CANAL CO. v. THORNLEY.

No. 4136.   Decided July 31, 1924.   (228 Pac. 199.)

WATERS AND WATER COURSES—IRRIGATION COMPANY CANNOT RE-
COVER FOR MAINTAINING CANAL, WHERE RIGHTS FIXED BY PREVI-
OUS CONTRACT. Irrigation company was not entitled to recover
contribution for maintaining an irrigation canal under Laws

1919, c. 67, § 13, from a lateral, where defendants received their water to point of outlet, where rights and obligations of parties had been theretofore determined by contract which had been recognized and acted upon for many years.

See 40 Cyc. p. 828.

Appeal from District Court, Fourth District, Utah County; *Elias Hansen*, Judge.

Action by the West Union Canal Company against Thomas Thornley. From an adverse judgment, plaintiff appeals.

AFFIRMED.

*Parker & Robinson*, of Provo, for appellant.

*Booth & Brockbank*, of Provo, for respondent.

GIDEON, J.

By this action plaintiff seeks to recover contribution for the expense of maintaining an irrigation canal. Plaintiff bases its right to recover upon Laws Utah 1919, c. 67, § 13. That section reads as follows:

"When two or more persons, companies or corporations are associated by agreement or otherwise, in the use of any dam, canal, reservoir, ditch, lateral, flume or other means of conserving or conveying water for the irrigation of land or for other purpose, each of them shall be liable to the other for the reasonable expenses of maintaining, operating and controlling the same, in proportion to the share in the use or ownership of the water to which he is entitled. If any person, company or corporation refuses or neglects to pay his proportion of such expense, after five days' notice in writing demanding such payment, he shall be liable therefor in an action for contribution."

Plaintiff and appellant, a corporation, operates and controls a certain canal known as the West Union Canal in Utah county. By means of this canal water is diverted from Provo river below and near the mouth of Provo canyon and carried in a general westerly direction. The canal is approxi-

mately ten miles in length from the point of diversion to where it empties into Utah Lake. Approximately three miles from the point of diversion the canal passes a point referred to in the record as "Carter's point." From that point the canal extends in a general westerly direction about a mile and a half to what is known as "lateral No. 2." From there west to the Utah Lake is some six or seven miles. The defendant Thornley and others, members of the Smith Ditch Company, a voluntary association of water users, take their water from lateral No. 2, also some water from what is known as lateral No. 1.

There is no controversy between the parties respecting the maintenance of the canal from the point of diversion to Carter's point. It is the contention of plaintiff that defendant is under legal obligation to pay his pro rata share of the expense of maintaining the canal and making the necessary repairs from Carter's point westward to the point where the canal empties into the lake. On the part of defendant it is contended that he is liable only for his share of the expense of maintaining and repairing the canal from Carter's point to lateral No. 2.

Plaintiff was given judgment for defendant's pro rata share of maintaining the canal from Carter's point to lateral No. 2, but was denied judgment for any part of the expense of maintaining the canal from lateral No. 2 to the outlet.

In our judgment the findings of the trial court are amply supported by the testimony. It would subserve no good purpose, nor would it illustrate any legal principle, to attempt to recite at length the testimony upon which the court based its findings. The court's findings are also conclusive of the rights of the parties.

Among other things the trial court found that plaintiff is a corporation doing business under the laws of the state of Utah, and engaged in the operation and maintenance of the West Union canal situated in Utah county; that through this canal water is distributed to the company's stockholders and other persons residents of that county.

The court further found that defendant is a member of

the Smith Ditch Company above referred to; that said company formerly owned a canal which diverted water from Provo river near the mouth of Provo canyon; that the water was diverted or conveyed through what was originally known as the Smith ditch and distributed to the individual members of the Smith Ditch Company; that the defendant owned three shares of water in that company; that three shares of water in the Smith Ditch Company is equivalent to nine shares in the West Union Canal Company; that when the Smith ditch was first constructed it extended in a southwesterly direction to the place known as Carter's point; that thereafter certain members of the Smith Ditch Company, including the predecessors in interest and title of the defendant, extended the canal in a southwesterly direction from Carter's point to the lateral through which the defendant now diverts his water; that said lateral is known as lateral No. 2; that the extension of the canal from Carter's point to the present intake of lateral No. 2. was known as the Turner ditch at the time it was constructed.

The trial court also found that the West Union Canal Company was organized in about the year 1897, and was formed by the stockholders of two corporations then existing and known as the Enterprise Canal Company and the Union Irrigation Company. Further, that after the construction of the extension from Carter's point to lateral No. 2, an agreement was entered into between the predecessors of defendant and others owning the extension and the West Union Canal Company whereby that company was permitted to enlarge the canal and to convey its water, with the water of defendant and others interested in the canal, through that canal as enlarged; that as a part of that agreement the defendant and the other owners of the canal as it existed before being enlarged by plaintiff were to pay to the West Union Canal Company their respective pro rata shares of the expense of controlling and maintaining the said West Union canal from Carter's point to the intake of lateral No. 2; ''that, ever since the said agreement was entered into between the said West Union Canal Company and the owners of the said right in

the Smith Ditch Company, the said agreement, prior to the year 1922, has been recognized and acted upon by the said West Union Canal Company and the owners of said water right in the said Smith Ditch Company, including this defendant and his predecessors in interest and title in the ownership of said water right in said Smith Ditch Company; that by reason of said agreement and by reason of the subsequent action of said plaintiff and the owners of said water rights in the Smith Ditch Company, including this defendant, the defendant is now entitled to have his water, represented by interest in said Smith Ditch Company conveyed from said Carter's point to the intake of said lateral No. 2 by the plaintiff through the said portion of said West Union canal, and that the owners of said interest in said Smith Ditch Company, including this defendant, so conveying their water through said enlarged canal between the said Carter's point and the intake of said lateral No. 2 are obligated to pay their respective pro rata shares of the expense of maintaining said portion of said canal between the two said points as aforesaid.''

It was further found by the trial court that the West Union canal extends beyond its connection with lateral No. 2 in a northwesterly direction about six miles; that the distance between Carter's point and the intake of lateral No. 2 is about one and one-half miles.

As a conclusion of law the court held that plaintiff was entitled to judgment against defendant for his pro rata share of the necessary expenditure of maintaining the canal from Carter's point to lateral No. 2.

The facts found by the court are, in our judgment, supported by substantial competent evidence. The rights and obligations of the parties are therefore determined by contract; and that contract, as found by the court, has been recognized and acted upon by the parties for many years. Section 13 of chapter 67, supra, was not intended to abrogate or disturb the rights of parties in an irrigation canal founded upon a valid and existing contract and is therefore not controlling, under the facts of this case.

We find no prejudicial error in the record. The judgment is therefore affirmed, with costs.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.