# THOMAS et al. v. DISTRICT COURT OF BOX ELDER COUNTY et al.

No. 4275.   Decided November 13, 1925.   Rehearing Denied December 28, 1925.   (242 P. 348.)

1. JUDGMENT—PREVIOUS DETERMINATION OF OWNERSHIP AND USE OF WATER WAS RES JUDICATA IN ACTION FOR CONTRIBUTION FOR SHARE OF MAINTENANCE EXPENSE. Judgment determining ownership and use of water as between users of water and irrigation was res judicata in a subsequent action by the irrigation company under Comp. Laws 1917, § 3475, as amended by Laws 1919, c. 67, § 13, for contribution for proportionate share of maintenance expense.

2. COURTS—ACTION BY IRRIGATION COMPANY AGAINST WATER USERS FOR PROPORTIONATE SHARE OF EXPENSE HELD NOT ACTION INVOLVING TITLE WITH RESPECT TO JURISDICTION OF COURT. Action under Comp. Laws 1917, § 3475, as amended by Laws 1919, c. 67, § 13, by irrigation company against water users, to recover proportionate share of expense of maintaining ditches, *held* not an action involving title to water so as to defeat jurisdiction of city court.

3. COURTS—AMOUNT SOUGHT TO BE RECOVERED AS PROPORTIONATE SHARE OF EXPENSE OF MAINTAINING DITCHES HELD NOT TAX IMPOST OR TOLL. The amount of contribution sought to be recovered of water users by an irrigation company as their proportionate share of expense of maintaining ditches *held* not a tax, impost, or toll, so as to deprive the city court of jurisdiction.[1]

4. APPEAL AND ERROR—RIGHT OF APPEAL FROM JUDGMENT ON APPEAL FROM CITY COURT DEPENDS UPON "AMOUNT IN CONTROVERSY" AND NOT UPON AMOUNT OF JUDGMENT. The right of appeal from a judgment of the district court, entered upon an appeal from the city court, does not depend under Laws 1903, c. 52, and by Laws 1909, c. 87, as amended by Laws 1919, c. 34, upon amount of the judgment, but upon the "amount in controversy," meaning the amount claimed by plaintiff in his complaint or by defendant in a counterclaim if one is filed.[2]

[1] *West Union Canal Co.* v. *Thornley*, 64 Utah, 77, 228 P. 199.

[2] *Garcia* v. *Free*, 31 Utah, 389, 88 P. 30; *McCashland* v. *Keogh*, 32 Utah, 11, 88 P. 680.

5. CERTIORARI—APPEAL HELD PLAIN, SPEEDY, AND ADEQUATE REMEDY, WHERE AMOUNT IN CONTROVERSY EXCEEDED $100. Appeal *held* plain, speedy, and adequate remedy for review of judgment entered in district court on appeal from city court, where amount in controversy exceeded $100 under Laws 1903, c. 52, and Laws 1909, c. 87, as amended by Laws 1919, c. 34, and hence certiorari would not lie.

6. CERTIORARI—WRIT OF CERTIORARI DOES NOT LIE WHEN APPLICANT HAS PLAIN, SPEEDY, AND ADEQUATE REMEDY BY APPEAL. The writ of certiorari does not lie when the applicant has a plain, speedy, and adequate remedy by appeal.[3]

Certiorari proceeding by Jacob Thomas and others against the District Court of Box Elder County, Hon. George S. Barker, as Judge thereof, and another, to review proceedings in a certain action between the Perry Irrigation Company, as plaintiff, and petitioners, as defendants. On defendants' motion to quash writ.

MOTION SUSTAINED, and proceeding dismissed.

*B. H. Jones,* of Brigham City, for plaintiffs.

*Le Roy B. Young,* of Brigham City, for defendants.

FRICK, J.

Plaintiffs, hereinafter called petitioners, filed their petition in this court, praying for a writ of certiorari to review the proceedings of the district court of Box Elder county in a certain action determined in that court. After some hesitation, this court issued a writ requiring the defendants to

---

[3] *Oregon S. L. R. Co.* v. *District Court,* 30 Utah, 371, 85 P. 360; *Page* v. *Comm. Nat. Bank,* 38 Utah, 440, 112 P. 816; *State* v. *West Pub. Co.,* 52 Utah, 129, 172 P. 678.

Corpus Juris-Cyc. References.

[1, 2]   Courts, 15 C. J. p. 1007 n. 91;   Waters, 40 Cyc. p. 737 n. 60.

[3]   Courts, 15 C. J. p. 1007 n. 91.

[4]   Appeal and Error, 3 C. J. p. 398 n. 75; p. 400 n. 92.

[5, 6]   Certiorari, 11 C. J. p. 113 n. 78.

302        SUPREME COURT OF UTAH        [Nov.

Thomas et al. v. Dist. Ct., 66 Utah 300

certify the proceedings in the action aforesaid to this court. In compliance with the direction of the writ, the defendants duly certified the proceedings aforesaid to this court, and also filed a motion to quash the writ upon the grounds (1) that the facts stated in the petition for the writ are insufficient to authorize the issuance thereof; (2) that it affirmatively appears upon the face of the petition that the district court had jurisdiction of both the subject-matter and the parties to the action, the proceedings of which are sought to be reviewed in this proceeding; and (3) that it affirmatively appears from the allegations contained in the petition that the petitioners "had a plain, speedy, and adequate remedy at law in the premises."

The petition contains much that is mere surplusage. It is made to appear therefrom, however, that a certain action was commenced by the defendant Perry Irrigation Company, a corporation, against the petitioners, in the city court of Brigham City, to recover judgment against the petitioners for the sum of $102.75, and that said action was predicated on Comp. Laws Utah 1917, § 3475, as amended by chapter 67, Laws Utah 1919, § 13, to which more specific reference will hereinafter be made. The facts in the complaint in said action are also set forth with great particularity and detail. In order to avoid unnecessary repetition, it must suffice to say that the complaint in that action stated all the facts that are required to be alleged in order to recover judgment pursuant to section 3475 aforesaid. The section as amended reads as follows:

"When two or more persons, companies or corporations are associated by agreement or otherwise, in the use of any dam, canal, reservoir, ditch, lateral, flume or other means of conserving or conveying water for the irrigation of land or for other purpose, each of them shall be liable to the other for the reasonable expenses of maintaining, operating and controlling the same, in proportion to the share in the use or ownership of the water to which he is entitled. If any person, company or corporation refuses or neglects to pay his proportion of such expense, after five days, notice in writing demanding such payment, he shall be liable therefor in an action for contribution."

That section in practically its present form has been in force in this state since 1897. See chapter 52, § 20, Laws Utah 1897, p. 224.

Issues were duly joined in said action, and, after a trial before the court, judgment was entered in favor of the plaintiff in that action, the Perry Irrigation Company, and against all of the petitioners, who were defendants therein, amounting to $59.96, with interest and costs. The petitioners appealed from the judgment of the city court to the district court of Box Elder county. A trial de novo was had in said court upon all the issues presented to the city court. The district court made findings of fact and conclusions of law in said action in favor of the plaintiff, Perry Irrigation Company, and against all the petitioners, and entered judgment for the sum of $93.58, with interest and costs.

The findings of fact are very voluminous, covering every contested matter. It must again suffice to say that the court found all the essential facts which entitled the plaintiff, Perry Irrigation Company, to judgment against the petitioners for contribution as provided in chapter 67, § 13, aforesaid. After the court had entered judgment as aforesaid, and after denying the petitioners' motion for a new trial, they applied for a writ of certiorari, as hereinbefore stated. They now insist (1) that, in view that the Perry Irrigation Company, the plaintiff in that action, recovered judgment for less than $100, exclusive of costs, they were prevented from appealing to this court, and hence they did not have a plain, speedy, and adequate remedy at law; (2) that the question of title to water was involved in the city court, and for that reason said court was without jurisdiction, and for that reason the district court was likewise without jurisdiction; and (3) that, in the action in the city court, the plaintiff, Perry Irrigation Company, sought to recover upon a "tax, impost, or toll" and that for that reason the city court was without jurisdiction.

A mere cursory examination of the complaint in the original action, and the findings of fact, conclusions of law, and judgment, in both the city and the district court, leaves no room

for doubt that the action was entirely based on section 3475 aforesaid, and all that was sought was to compel the petitioners, who were the defendants in said action, to. make contribution for their share of the expenses of maintaining a certain irrigation ditch through which they obtained large quantities of water for the purpose of irrigating their lands. True it was alleged that the petitioners owned certain water rights and were entitled to certain waters flowing through said irrigation ditch, describing the ditch, and stating the amount in second feet or in fractions, and further stating the exact proportion of time they used the water through said ditch, and that the plaintiff, Perry Irrigation Company, had expended certain amounts of money in maintaining said ditch, etc., and asked that the petitioners be required to contribute, that is, to pay their just proportion of the expenses of maintaining said ditch. It is also true that the plaintiff, Perry Irrigation Company, in fixing the amount that was due from each water user, including the petitioners, stated the amount in the form of an assessment. The foregoing matters were, however, merely stated so as to recover from the petitioners their proportion of the expenses aforesaid, and both courts so found. It is obvious that, in arriving at a just result, both the city and the district court were compelled to find what amount of water petitioners were entitled to and what amount they actually used. In view that those matters were alleged in the complaints in both courts, and were denied by the petitioners in their answer, they now insist that the title to water was in issue. As a matter of course they had a perfect right to contest the amount claimed by the Perry Irrigation Company from them, and hence had a right to dispute the allegation that they owned and used a specific quantity of water. That, however, did not involve the title to the water, but merely the quantity owned or used by them, in order to determine the amount they should contribute as their proportion in maintaining the irrigation ditch through which they obtained the water. Indeed, the title of the petitioners to the water, and the quantity thereof, had theretofore been fully adjudicated in a judgment of the district

court of Box Elder county in a certain action wherein
the petitioners were plaintiffs and the Perry Irriga-    1, 2
tion Company was defendant, which judgment was
affirmed by this court. See *Thomas et al.* v. *Perry Irrigation
Co.*, 63 Utah, 490, 227 P. 268. The question of the ownership
of water and the quantity owned and used as between the
petitioners and the Perry Irrigation Company was therefore
res adjudicata. In the complaints in both the city court and
the district court, the ownership of the water and the quan-
tity thereof was alleged to be as the same was adjudicated to
be in the action aforesaid. The findings of both courts there-
fore merely amounted to a finding of the ownership and
quantity of water for the purpose of determining the amount
the petitioners should be required to contribute as their pro-
portion of the expenses of maintaining the irrigation ditch.
Counsel for petitioners is therefore clearly in error in his con-
tention that the title to the water aforesaid was in question
in either court, and hence that contention must fail.

The contention that the amount claimed from the peti-
tioners was a tax, impost, or toll within the purview of our
statute is so manifestly untenable that no discussion
upon that subject is necessary. That an action for    3
contribution, where the expenses of maintaining water
ditches are involved, is proper, is, we think, fully settled by
this court in the recent case of *West Union Canal Co.* v.
*Thornley*, 64 Utah, 77, 228 P. 199. The contention therefore
that, for the reason stated, the courts below were without
jurisdiction, is clearly untenable, and does not require fur-
ther discussion.

There is, however, still another reason why this proceeding
must fail. That question arises upon defendants' contention
that the petitioners had a plain, speedy, and adequate rem-
edy by appeal to this court. Petitioners' counsel, however,
insist that their clients were prevented from appealing to this
court, for the reason that the amount of the judgment in
both the city court and the district court was less than $100,
exclusive of costs. In support of this contention, they cite
and rely on the cases of *Garcia* v. *Free*, 31 Utah, 389, 88 P.

30, and *McCashland* v. *Keogh*, 32 Utah, 11, 88 P. 680. In those two cases it was held by this court that, under the provisions of chapter 52, Laws Utah 1903, an appeal to this court does not lie unless the judgment in the district court was in excess of $100, exclusive of costs. After those cases were decided, however, the Legislature amended chapter 52 of the Laws 1903. See chapter 87, Laws Utah 1909, as amended by chapter 34, Laws Utah 1919, where it is provided that in all actions commenced in the city courts of this state, which are appealed to the district courts, appeals shall lie to this court when the "amount in controversy" exceeds $100. That amendment has now been in force for more than 16 years and has never been questioned. That amendment, therefore, renders the two decisions referred to unavailing to the petitioners. Since the adoption of the amendment in 1909, the right of appeal to this court from a judgment entered in the district court upon an appeal from a judgment of the city court, depends, not upon the amount of the judgment, but upon the amount in controversy. It goes without saying that by the amount in controversy is meant the amount claimed by the plaintiff in the action in his complaint or the amount claimed by the defendant in a counterclaim if one be filed. In this case, therefore, the actual amount in controversy, exclusive of costs, in both courts, was in excess of $100. The mere fact that judgment was given for a lesser amount in no way affects the right of appeal.

The petitioners therefore had the same remedy by appeal as all other litigants have when the amount in controversy is more than $100. To hold, therefore, that the petitioners did not have a plain, speedy, and adequate remedy by appeal would be tantamount to holding that the right of appeal in no case constitutes a plain, speedy, and adequate remedy, and hence the writ of certiorari would be substituted for the appeals provided by our statute. This court is now firmly committed to the doctrine that such a practice is improper, and that the writ of certiorari will not lie when, as here, the applicant for the writ had a plain, speedy, and adequate remedy by appeal. See *Oregon S. L. R. R. Co.* v. *District Court*,

30 Utah, 371, 85 P. 360; *Page* v. *Comm. Nat. Bank et al.*, 38 Utah, 440, 112 P. 816. The case last referred to is cited in *State* v. *West Pub. Co.*, 52 Utah, 129, 172 P. 678.

We are forced to the conclusion, therefore, that for the reasons stated the writ in this case was improvidently issued, and that the defendants' motion to quash the same should be sustained and the proceeding dismissed at petitioners' cost. It is so ordered.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.