## PERRY IRR. CO. v. THOMAS et al.

No. 4702.   Decided March 27, 1929.   (278 P. 535.)
Rehearing Denied June 12, 1929.

*B. H. Jones, Lewis Jones,* and *B. C. Call,* all of Brigham City, for appellants.

*Le Roy B. Young,* of Ogden, for respondent.

FOLLAND, J.

This action is one in contribution, pursuant to section 13, c. 67, Laws Utah 1919. The plaintiff, the defendants, and one other are tenants in common of certain water rights in

Box Elder creek and the irrigation ditches through which said water is conveyed. The trial court found that by a former judgment, which is now final, defendants were decreed to be owners of a certain portion of the waters of said stream, and interested in the ditches and canals through which it conveyed, and by reason thereof were obligated to pay one-fifth of the operating expense of the cost of maintaining and operating what is called the South ditch, from Brigham cemetery to the southern terminus thereof. This ditch is a part of the system of irrigation ditches owned by the parties above mentioned as tenants in common, and is the only ditch on which it is alleged necessary expenses were incurred for maintenance and operation during the years 1923, 1924, and 1925. Judgment was rendered in favor of plaintiff. Cases involving the same water rights and irrigation system have been before this court in *Thomas* v. *Perry Irrigation Co.*, 63 Utah 490, 227 P. 268, and also *Thomas* v. *District Court*, 66 Utah 300, 242 P. 348.

Appellants are met at the threshold with a motion to strike the bill of exceptions, for the reason that no order extending time for preparing, serving, and filing such bill is found in the bill of exceptions. In support of the motion, respondents cite *Ukon Water Co.* v. *Rooker,* ▮ 56 Utah 294, 190 P. 778. Since the cited case was decided, section 6969, providing for preparation, settlement and the signing of bills of exceptions and section 6867, providing what constitutes the judgment roll, were amended by cc. 51 and 52, Laws Utah 1925, respectively. In the instant case it appears there was no notice of the order denying motion for a new trial served upon appellants; that the bill of exceptions was filed with the clerk, after service, within 30 days after notice of appeal. The requirements of the sections mentioned, as amended, are thus met. The motion to strike bill of exceptions must be denied.

To the complaint defendants interposed a demurrer, urging several grounds, including the one that the complaint did not state facts sufficient to constitute a cause of action.

Failure of the court to sustain the demurrer is urged as error. The complaint here is similar to the one passed on in *Thomas* v. *District Court,* supra. This court there held the complaint sufficient to support a judgment for contribution. One ground of demurrer is that there is another action pending between the parties on the same cause of action. This question, however, cannot be raised on demurrer, since the fact of another action, if it be a fact, is not disclosed upon the face of the complaint.

Another ground of demurrer is that there is a defect or misjoinder of parties, because one of the cotenants is not made a party to the action. It does not appear that the other cotenant has failed to pay his pro rata share. Plaintiffs seek to recover from the defendants only their proportionate share of the cost of the maintenance of the operation of the ditch, and it is alleged that proportion has been definitely fixed by prior decree of court.

Another ground of demurrer is that several causes of action have been improperly united. The complaint alleges, in separate paragraphs, the amount in money and labor expended by plaintiff for each separate year during a period of three years. There is no misjoinder of causes of action. The court did not err in overruling the demurrer.

The answer of defendants admits the corporate existence of plaintiff; that the defendants, and one other, are tenants in common in the waters of the irrigation system described; and denies all other allegations of the complaint. The answer affirmatively alleges that defendants performed work on the ditch in question, each of the years in question, and thus discharged their full obligation with respect to the maintenance and operation of the ditch, and that there is another action pending between the parties for the same cause of action. Upon the trial the court received and considered evidence with respect to the work performed and money expended by plaintiff and the defendants, and after giving defendants credit for the work performed by them, and eliminating such expenses as could be regarded as

corporate expenses from the account of plaintiff, struck a balance, and rendered judgment for the proportionate amount properly chargeable to the defendants.

It was urged by the defendants that the charges sought to be collected by plaintiff were in the nature of corporate assessments. A reading of the record discloses, however, that this point is not well taken, since the trial was had and judgment rendered upon the theory of holding defendants merely for their proportionate share of the cost of maintenance and construction of the ditch, after considering their contributions and the exclusion of strictly corporate items. The court based its finding as to the proportionate part of the total costs which should be paid by defendants upon prior judgments. Plaintiff introduced in evidence, over objections of defendants, the judgment and files of the two prior cases between the same parties, designated as case No. 3717, *Perry Irrigation Co.* v. *Thomas,* and case No. 3428, *Thomas* v. *Perry Irrigation Co.* The trial court found that the judgment in case 3717 definitely fixed the proportionate part of the cost to be borne by defendants with respect to other owners in the system, and that question is now res adjudicata.

We think the trial court's finding is correct, if this judgment adjudicates the matters described in the court's findings; but we are unable to review this question, for the reason that neither the judgment nor other part of the files of case 3717 are incorporated in the bill of exceptions or the record. Neither are the files in case 3428 before us.

On the issue of another action pending between the same parties involving the same subject-matter, the defendants offered, and the court received, in evidence the files in case No. 3123, *Jacob Thomas et al.* v. *Perry Irrigation Co.,* filed July 2, 1928. No part of these files are incorporated in the bill of exceptions, but what is claimed to be the complaint is copied in appellants' abstract. A mere reading of

this complaint discloses it to be an action for damages and injunction for interference with water and water rights. The causes of action are essentially different.

Defendants assigned as error the failure of the court to admit in evidence an agreement of May 6, 1909, marked Exhibit 1, signed by 34 water users, and alleged to control the joint use of the waters in the canal system involved here. It is urged that this agreement should ∎ have been admitted, and, if admitted in evidence, wouuld control the decision in this case, instead of section 13 of c. 67, Laws Utah 1919, as to the proportionate costs which should be charged. To support this contention appellants cite *West Union Canal Co.* v. *Thornley,* 64 Utah 77, 228 P. 199. The court rightly refused to admit this agreement, for the reason that neither of the appellants, nor, so far as disclosed in the record, their predecessors in interest, were parties to such agreement.

It is urged by appellants that no benefits are shown to them by reason of the work on this ditch. The record, however, discloses that defendants own the water right alleged, that the water is taken to their farms through the South ditch, that water was available to them during the years in controversy, and water tickets were issued to them by the water master. In addition to the work done by plaintiffs, defendants did work upon the South ditch and received credit therefor. This work actually benefited the ditch, and made it possible for defendants to convey water to which they were entitled.

Several assignments are made on account of refusal of the court to admit testimony to the effect that defendants were deprived of the use of their water during a part or all of the irrigation season of the years in question. The court sustained objections to this testimony on ∎ the ground that it was immaterial. The theory of the complaint was that defendants owned and were entitled to the use of a certain definite share of the water thereto-

fore adjudicated to them, and that they were charged with the cost of their portion of maintenance of the ditch because of their ownership of the water. The complaint alleged ownership. The answer denied the allegation, although one of the affirmative defenses set up in the answer was that the defendants performed all the labor necessary to be done upon the ditch in question, and were therefore discharged from any further obligation.

It was proven by the testimony of both plaintiff and defendants that the defendants were the owners of the water which, it is alleged in the complaint, they owned. There was nothing set out in the answer, either as affirmative, defense, or cross-complaint, or counterclaim, making any issue with regard to the actual use of water, or deprivation of water, by plaintiff or any one else. Under our statute, section 13, c. 67, Laws of 1919, it is proper to divide the cost of maintenance and operation of the ditch on the basis of ownership of the water. If defendants were wrongfully deprived of their water by any one, they, of course, may have redress in a proper action against the parties thus infringing upon their rights.

We note from the case of *Thomas* v. *Perry Irrigation Co.,* supra, an action between the same parties here, that the district court, in order to carefully guard against any injustice in the future, provided for the appointment of a water commissioner whose duty it would be to apportion water among the users. The court also retained jurisdiction over the stream and the distribution of the waters thereof. From an order found in the judgment roll it appears that a water commissioner had been appointed, and that a revised schedule of water turns proposed by him had been approved by the court upon stipulation of the parties hereto.

The judgment of the district court is affirmed.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.