BACON, State Engineer, v. GUNNISON FAYETTE CANAL CO.

No. 4841. Decided January 29, 1930. (284 P. 1004.)

*A. H. Christenson,* of Provo, for appellant.

*George P. Parker,* Atty. Gen., and *Byron D. Anderson,* Asst. Atty. Gen., for respondent.

CHERRY, C. J.

The plaintiff had a judgment for an alleged balance due upon an assessment for the salary and expenses of a water commissioner for the year 1926, from which the defendant

appeals. The plaintiff is the state engineer. The defendant is an irrigation company which owns and exercises the right to divert and use water for irrigation from the Sevier river system in Sanpete county. Many other persons own and exercise similar rights. The state engineer by authority of law, and through a commissioner appointed for that purpose distributes the water of the river system among the numerous persons entitled to divert and use it. The expense of such distribution is made chargeable to the users of water by Laws Utah 1919, c. 67, § 62, as amended by Laws Utah 1925, c. 100, which inter alia provides:

"The salary and expenses of such commissioner * * * shall be borne pro rata by the users of water from such river system or water source, upon a schedule to be fixed by the state engineer, and such pro rata share shall be paid by each water user to the state engineer in advance on or before the 1st day of July each year. * * *"

The controversy here arises from the method employed by the state engineer in apportioning the costs of distribution among the water users. It appeared that previous to the year in question such costs had been assessed against the users of water, pro rata, according to the quantity of water distributed to them respectively, and, as the assessment was payable in advance, the schedule of distribution for one year was the basis of apportionment for the next. In 1926 the state engineer introduced a new basis for apportionment, whereby the amounts to be assessed and collected from the several water users were determined, not according to the quantity of water each was respectively entitled to use or which was distributed to him, but according to the respective areas of land upon which the users were entitled to use water for irrigation. In a pending proceeding under the statute for a general adjudication of the rights to the use of the waters of the Sevier river system, the state engineer has completed a "Proposed Determination of Water Rights," which included a statement of the area of land upon which each claimant was entitled to use water. Using this as a

basis for a schedule, the state engineer for the year in question apportioned the estimated costs of distribution, and assessed against the defendant the sum of $180.75 as its pro rata share of the whole. The defendant paid the sum of $91.90, which it contended was its full and just share, but declined to pay more. The plaintiff thereupon brought this action for the remainder of the amount claimed. The action was tried upon proper pleadings, and resulted in findings and judgment for the plaintiff as before stated.

The contention of the defendant is that the apportionment of costs for the time in question is arbitrary and unjust, and without authority of law, and results in discrimination and inequality.

The fact was established at the trial, and is not contradicted, that there is no general uniformity among the numerous persons interested in the proportion between the area of land irrigated and the quantity of water used. On account of difference in the quality or situation of lands, or the kind of crop planted, the quantity of water applied per acre differs substantially with the various users. Numerous instances were shown where the method of apportionment in question resulted in unequal and disproportionate assessments as compared with the results of an apportionment based upon quantities of water distributed and used.

The assessment in question as made by the state engineer upon the basis of acreage of land irrigated by defendant amounts to $180.75. It was made to appear that, from the quantity of water distributed to and used by defendant, the assessment was at the rate of $2.85 per acre foot, while other users near by and similarly situated were assessed at amounts, which, if computed on the basis of water distributed to and used by them, would be at the rates of $1.24, $1.36, and $1.57 per acre foot respectively. These disparities and inequalities are not disputed by counsel for the plaintiff, but it is contended that the system of apportionment according to acreage of land is simpler and more con-

venient, and, not being subject to change from year to year, avoids contention and complaint, and is fair and just to the majority of users.

The statute heretofore quoted relating to the subject does not prescribe any particular basis for apportionment. It merely provides that the salary and expenses of the commissioner "shall be borne pro rata by the users of water from such river system or water source, upon a schedule to be fixed by the state engineer." Of course it was not intended, and it is not claimed, that each individual user should be required to pay an equal amount with every other individual user. The statute, by providing for payment pro rata, clearly contemplates some method of apportionment having reasonable relation to the services rendered for and benefits received by the respective users. We realize that mathematical exactness is impracticable, but the nearest approximation to a fair and ratable division of the burden ought to be adopted. If the proportion between the water used and the area irrigated was substantially uniform in the river system, we would readily approve the engineer's basis of apportionment. But it is not. Numerous instances are shown where the burden falls with substantial inequality. In the particular case of the defendant, the proposed method requires it to pay at a rate for water used more than double that of others similarly situated. We do not think such a result ought to be sustained. The matter is susceptible of apportionment upon a basis more nearly approximating equality. In dealing with the subject of apportionment of similar charges as applied to other contingencies, the Legislature has twice prescribed the basis of apportionment. In the case of two or more users associated in the use of common means for conserving or conveying water for irrigation or other purpose, each of them is liable to the other for the reasonable expenses, "in proportion to the share in the use or ownership of the water to which he is entitled." Laws Utah 1919, c. 67, § 13. And, where the state engineer is called upon to divide the waters

of a ditch or reservoir between appropriators, "he shall be paid for his services by the interested water users in proportion to the established rights of each." Laws Utah 1919, c. 67, § 70, amended by Laws Utah 1921, c. 72.

We are satisfied that the statute, directly referring to the matter in question, by prescribing that the salary and expenses of the commissioner "shall be borne pro rata by the users of water from such river system," contemplated a similar apportionment. At least the apportionment ought to be according to some standard which approximates a proportion according to services rendered and benefits received.

The defendant should be required to pay its just and equal proportion of the entire cost of distribution to be ascertained by some method consistent with what we have said. But the standard of apportionment upon which the judgment rests cannot be sustained.

Judgment reversed, and a new trial granted; costs to appellant.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.