## PETERSON v. SEVIER VALLEY CANAL CO.

No. 6672.  Decided Sept. 11, 1944.  (151 P. 2d 477.)

See 18 Am. Jur. 701.  29 C. J. S. Eminent Domain Sec. 47.

N. J. Bates, of Richfield, for appellant.

Elias Hansen, of Salt Lake City, and Ferdinand Erickson, of Richfield, for respondent.

LARSON, Justice.

Suit in the District Court of Sevier County to recover money paid under duress. The court found the payments were made under duress, but also found that defendant was entitled to certain set-offs, and gave plaintiff judgment for the difference, in the sum of $15.94. Plaintiff appeals, and defendant cross-appeals.

This case has been here before on appeal from judgment on the pleadings. Peterson v. Sevier Valley Canal Co., 100 Utah 516, 116 P. 2d 578. The trial court had granted judgment on the pleadings on the theory that the reply stated a different cause of action, or a different theory than the complaint. We held that a cause of action was stated in the complaint for obtaining money under duress, and that the reply, wherein it was admitted that defendant might be entitled to certain charges, was not objectionable as enlarging the cause of action pleaded in the complaint, or setting up a new cause of action. We reversed the judgment and remanded the cause for trial. This appeal is from the judgment entered after trial.

Defendant owns and operates an irrigation system in and around Richfield, Sevier County, Utah, supplying stock-

holders and others with water from Sevier River and other sources. The Piute Reservoir Company is a joint owner of the defendant's main canal, and has a number of stockholders on the laterals leading from that canal. Costs of maintenance of the main canal are borne by defendant and Piute Company jointly, in accordance with a contract entered into by the parties annually. The terms of such contract will be set out later. The defendant undertakes to supply Piute Company stockholders with the water to which their shares in that company entitle them, using the main canal and defendant's laterals for such purpose. In years past, defendant has made a charge against all Piute Company users for this service. The charge as to each individual was computed by taking the cost of maintaining all of the laterals, dividing this by the number of acre feet of water, both Sevier and Piute, coursed through them during the year, and multiplying by the number of acre feet of water delivered to such individual. It has also been the custom to collect this charge in the spring in advance of delivery of any water. In 1940, the year when this cause of action arose, the charge was assessed at 15c per acre foot. Plaintiff, and two others, Larue Ogden and N. J. Bates, all users of Piute water, refused to make payment, and defendant locked diversion gates into their laterals, and informed them that they could have no water until they paid. As no crops could be grown without the water, all three men paid the amount demanded under protest. Bates and Ogden assigned their claims to plaintiff, and he brought suit to recover the payments. Since the three causes of action are identical except as to amount, we shall hereafter just refer to the plaintiff as covering all three causes.

Defendant by answer admitted making the charge on the basis indicated; admitted locking the gates and refusing to deliver water until payment made; admitted payments were made under protest, which facts, under the circumstances, constituted duress. *Peterson* v. *Sevier Valley Canal Co.*, supra (first appeal). By way of defense it pleaded that it was the sole owner of the laterals through which

plaintiff and his assignors sought to flow their water; that it had the right to refuse to permit the water to flow through such laterals unless and until the owners of water paid a proper and reasonable charge for the use of such lateral; that the charges made were proper, fair and legal; and that it could enforce collection in advance by this method.

Plaintiff's complaint is founded upon the theory that in 1939, the Piute Company, in which he was a stockholder, entered into a contract with defendant, in which plaintiff was a third party beneficiary, relative to the use of the canal and laterals of defendant, and which contract it is claimed provided that no charge should be made against plaintiff by defendant for the use and maintenance of the ditches nor the distributing and operating costs of the company. This contract is not set out by plaintiff but is pleaded in haec verba by defendant, who denies plaintiff is a third party beneficiary under the contract, denies the contract had any application to the use of laterals, and alleges the charges were made against plaintiff and paid by him for the use of defendant's lateral and his pro rata share of the "costs and expenses of maintaining operating and controlling the said lateral(s)."

The appeal presents three questions: (1) Did defendant have the right to exact any charges? (2) If defendant had the right to exact charges, did it have the right to demand payment in advance? (3) Was the expense on the entire system the proper basis of computation for the charge to be made against Piute users for use of the laterals? We note them seriatim.

(1) The question as to whether defendant had the right to make any charges against plaintiff involves an interpretation of the contract above referred to between defendant and the Piute Company. That contract reads in part:

"Whereas, the parties above named desire and intend to agree as to various elements of cost incident to maintaining, operating, cleaning and enlarging the Sevier Valley Canal; and in order that their respective and relative rights and liabilities can be definitely ascertained

and defined, it is provided between the parties hereto, as follows, to wit:

"1—This agreement shall affect the Sevier Valley Canal from the head of said canal to the Willow Creek Weir North of Richfield, Utah." (Then follows a provision for sharing maintenance and enlarging costs.)

"2—The salary of the rider employed by the Sevier Valley Canal Co., shal be borne in the following ratio: * * * with the distinct understanding that *there shall be no further charge against the Piute Reservoir & Irrigation Company, or its stockholders,* for turning out water, for engineer services, etc." (Italics added.)

It is plaintiff's contention that by virtue of the italicized clause, defendant could not make any charge against him for distribution of his share of Piute Company water.

From the recitals of the contract, and the record and course of conduct, it is apparent that the parties intended the contract to apply only to defendant's main canal, and that they were contemplating certain unusual expenses in the operation and maintenance of such canal during the season. The costs of operating said canal, which are prorated by the provisions of paragraph 2, do not include the costs of maintaining and operating the laterals leading therefrom. To say that the italicized clause above set out prohibits any further charge being made against Piute Company stockholders on account of maintenance of said laterals, would require defendant to flow plaintiff's water through its ditches, without charge for the cost of maintaining and operating those ditches. We conclude that the contract does not prohibit the assessing of maintenance charges against plaintiff for maintaining the laterals, but that it applies to the main canal only.

(2) Could payment of such charges be demanded in advance? The defendant did not, and upon argument does not, take the position that its charges and its refusal to permit the use of the lateral until such charges were paid, were based upon any contractual terms, but argues in its brief that payment in advance of the amount demanded was a condition prescribed by it for the entering into such agreement. Plaintiff, disputing the

amount of his liability under the statute, paid under protest and now sues to recover, taking the position that he was not liable for *any* charges because of the contract between defendant and the Piute Company, discussed under question (1), supra. Defendant correctly denied plaintiff's claims under the contract, and asserted that it was the sole owner of the laterals, and that the charges were made as such owner for the use thereof. Plaintiff by reply denied defendant was the sole owner of the lateral and asserted that plaintiff was a part owner. Defendant relied upon its right as owner of the lateral to fix as it did the terms plaintiff must meet for the use of the lateral. The court found defendant was not the sole owner of the lateral, which finding is not sustained by the evidence. The evidence shows conclusively that defendant was the sole owner of the lateral. If defendant's terms did not suit plaintiff, he had his remedy under Section 100-1-7, U. C. A. 1943, which as far as material here reads:

"When any person desires to convey water for irrigation * * * and there is a canal or ditch already constructed that can be used * * * to convey the required quantity of water, such person shall have the right to use * * * such canal or ditch * * * by compensating the owner * * * by paying an equitable proportion of the maintenance of the canal or ditch jointly used * * *."

This section deals with situations where one party has a valuable property, a ditch, the use of which the other desires to obtain. In case the parties cannot agree on the terms, the party who desires to use may exercise the right of eminent domain to acquire such use. *Salt Lake City* v. *East Jordan Irr. Co.*, 40 Utah 126, 121 P. 592. See also *Tanner* v. *Provo Bench Canal & Irr. Co.*, 40 Utah 105, 121 P. 584, affirmed 239 U. S. 323, 36 S. Ct. 101, 60 L. Ed. 307. Of course, if the parties can agree on the joint use of the ditch condemnation is not necessary. In that event if the parties agree on the amount to be paid for the use, or on the basis for determination of the amount such contract controls. *West Union Canal Co.* v. *Thornly*, 64 Utah 77, 228 P. 199. If, however, the parties cannot agree on the

price to be paid for the use, the ditch owner can close the ditch against the other party's water until he gets his price or such party enters the ditch under eminent domain. Since defendant was within its rights in demanding payment in advance, it follows that the trial court erred in awarding judgment for any amount in favor of plaintiff.

What we have said renders it unnecessary to answer question (3).

This leaves but the single question as to the costs on the prior appeal. Plaintiff, appellant before, filed a cost bill, which defendant moved to strike. The trial court overruled defendant's motion. This court upon the prior appeal awarded no costs, said nothing about the matter in its opinion, although appellant prevailed, and so would ordinarily by the practice of the court be entitled to costs. Section 104-44-7, U. C. A. 1943, reads as follows:

"In the following cases the costs of appeal are in the discretion of the court:

"(1) When a new trial is ordered. * * *

"In all other cases the prevailing party shall recover from the other party his costs."

The judgment of this court was that a judgment on the pleadings was reversed and the case remanded for trial. There is no difference between remanding a case for trial, and remanding for a new trial. The statute applies, and it was discretionary with this court whether to award costs to either part, regardless of who prevailed. See *Schwab Safe & Lock Co.* v. *Snow*, 47 Utah 199, 152 P. 171. Since we did not award costs, neither party was entitled to them, and it was error for the lower court to overrule defendant's motion to strike the cost bill.

Judgment reversed and the cause remanded to the District Court of Sevier County with directions to enter judgment for defendant, no cause of action. Respondent to recover its costs on this appeal.

WOLFE, C. J., and McDONOUGH and WADE, JJ., concur.

MOFFAT, J., deceased.